Alexander CRAIG, Adm'r. *v.* STATE
FARM AUTO INSURANCE CO

74-279                                                    519 S.W. 2d 741

Opinion delivered March 3, 1975
[Rehearing denied March 31, 1975.]

*Daggett, Daggett & Van Dover* by: *Jesse B. Daggett,* for appellant.

*Laser, Sharp, Haley, Young & Boswell, P.A.,* for appellee.

CONLEY BYRD, Justice. At issue in this action by appellant Alexander Craig, Administrator of the Estate of Jeff Craig, deceased, against appellee State Farm Auto Insurance Company, is whether the driver of an uninsured vehicle was responsible in any manner for the acts of his passenger in tossing a sack of cans into the path of a Volkswagen driven by Dianne Birdsong. Jeff Craig was a passenger in the Volkswagen. The trial court granted a directed verdict in favor of State Farm at the close of appellant's evidence.

The record shows that Dianne Birdsong was driving a Volkswagen on Interstate 55 toward Memphis, Tennessee. While driving along she noticed a white Chevrolet truck with two men in it that was slowing down traffic. After the traffic would get by the truck it would speed up and pass the traffic and then repeat the slowing down process. Dianne stayed behind the truck until it kept getting slower and slower. When she finally pulled into the left lane of traffic to pass the truck the driver of the truck looked at her as she got even with the truck and speeded up and got in front of the Volkswagen. The passenger in the truck turned around and looked at the Volkswagen. The truck passenger then held a sack of cans out the window on the passenger's side of the truck and at the appropriate moment, gave it a toss so that the cans rolled under the Volkswagen with the sack hitting the windshield. As a result of the tossing of the sack of cans, the Volkswagen went off the road causing the death of Jeff Craig. The white Chevrolet truck did not stop but left the scene of the accident.

State Farm points out that their uninsured motorist policy only covers the "owner or operator" of the uninsured vehicle. To support the action of the trial court it then argues that unless one is to engage in a guessing game, there is simp-

ly no evidence that the driver participated in any manner in throwing the sack from the truck or indeed knew that the passenger was throwing the sack from the truck.

Had not the two men in the truck been slowing down, jamming up traffic to the rear and then accelerating the truck rapidly to pass everyone only to repeat the slowing and jamming of traffic, there might be some merit to State Farm's contention. But when we consider the previous conduct of the driver of the uninsured vehicle in slowing and jamming traffic together with his conduct in leaving the scene of the accident after the sack throwing incident, we find that there is substantial evidence to go to the jury on the issue of his participation in the hazardous traffic game that was being played. See Restatement of Torts § 877(b).

Reversed and remanded.