BROKERAGE RESOURCES, INC., Plaintiff-Appellee, *v.* TOM JORDAN, d/b/a Claim Prevention Division, Defendant-Appellant.—(JORDAN SERVICE, INC., Defendant.)

First District (1st Division)    No. 78-1582

Opinion filed January 21, 1980.

John Peter Curielli and Terrence M. Jordan, both of Chicago, for appellant.

Charles L. Wolberg, of Rappaport & Meyer, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Brokerage Resources, Inc., plaintiff, brought this action against Tom Jordan d/b/a Claim Prevention Division (Jordan) and Jordan Service, Inc. (Jordan Service), defendants, to recover $8,866, which defendants allegedly owed plaintiff for providing certain insurance for defendants at

their request. Defendants denied that they owed plaintiff this amount and, as an affirmative defense, alleged that they were separate and distinct entities, that the amount claimed by plaintiff was not a joint obligation and that they had requested a separation of the billing, which plaintiff had refused to do. A bench trial was held, during which the court heard testimony, although no report of proceedings has been included in the record on appeal. On June 13, 1978, the court entered judgment for plaintiff against Jordan for $8,866, and dismissed Jordan Service from the case. The judgment order states that, having heard the evidence and arguments of counsel and being fully advised in the premises, the court finds for plaintiff and against Jordan. Jordan appeals from the judgment against him. No issue is raised concerning Jordan Service's dismissal.

Jordan first contends that plaintiff failed to reply to defendants' affirmative defense, and thereby admitted the defendants' allegation that the amount claimed by plaintiff was not defendants' joint obligation. (See Ill. Rev. Stat. 1977, ch. 110, pars. 32, 40(2).) Therefore, Jordan argues, the judgment against him must be reversed and the cause remanded, because he only could be liable for the entire $8,866 claimed by plaintiff if this amount was defendants' joint obligation. Plaintiff maintains that this affirmative allegation was a legal conclusion and not an allegation of fact and that its failure to reply did not constitute an admission.

■■ Assuming, *arguendo*, that defendants' allegation that their obligation was not joint was an allegation of fact and not a legal conclusion, the record, nevertheless, indicates that plaintiff's failure to reply did not constitute an admission. The judgment order states that the court heard the evidence and arguments of counsel, and Jordan, in his motion to vacate the judgment, asserted that his liability, if any, "must be found to exist separate and apart from the liability owed by the defendant, Jordan Service, Inc." This implies that Jordan defended this action in part on the theory that he was not liable to plaintiff for the entire $8,866 because his obligation was separate from that of Jordan Service, Inc. Furthermore, there is nothing in the record which indicates that defendants at any time prior to or during trial raised an issue before the trial court concerning plaintiff's failure to reply to their affirmative defense. Under these circumstances, Jordan cannot now assert that plaintiff admitted the truth of defendants' affirmative defense by failing to reply to it. *Franks v. North Shore Farms, Inc.* (1969), 115 Ill. App. 2d 57, 253 N.E.2d 45; *First Federal Savings & Loan Association v. American National Bank & Trust Co.* (1968), 100 Ill. App. 2d 460, 241 N.E.2d 615.

Jordan also contends that the judgment against him for the entire amount claimed by plaintiff was against the manifest weight of the evidence. The evidence, Jordan urges, shows that he and Jordan Service were liable, if at all, for separate amounts, because the total $8,866

claimed by plaintiff was not defendants' joint obligation. Furthermore, Jordan argues, section 1 of the Statute of Frauds (Ill. Rev. Stat. 1977, ch. 59, par. 1) states that "[n]o action shall be brought, whereby to charge * * * the defendant upon any special promise to answer for the debt, default or miscarriage of another person, * * * unless the promise * * * upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." Jordan maintains that this section of the Statute of Frauds requires that the judgment against him for the entire $8,866 be reversed and the cause remanded, because there was never presented into evidence a written undertaking signed by him to pay for Jordan Service's debt to plaintiff.

Plaintiff argues that because no report of proceedings has been filed in this court, it must be presumed that the judgment entered by the trial court is correct. Also, plaintiff maintains that a report of proceedings would show that Jordan was jointly liable for the full amount of plaintiff's claim, because the report of proceedings would establish that, at Jordan's request, his business and Jordan Service's business were jointly covered under the insurance policies provided by plaintiff, which made the premiums less for defendants than the premiums would have been on separate policies covering each business. Plaintiff further contends that defendant's argument concerning the Statute of Frauds is irrelevant here, "because [Jordan] was the principal in the transaction and not a guarantor."

■■ ■ In Illinois, joint contractual obligations generally "shall be taken and held to be joint and several obligations and covenants." (Ill. Rev. Stat. 1977, ch. 76, par. 3.) Whether a contractual obligation is joint and several, or only several, depends upon the intentions of the parties, as revealed by the language of the contract and the subject matter to which it relates. (*Filosa v. Pecora* (1974), 18 Ill. App. 3d 123, 309 N.E.2d 356; 17 Am. Jur. 2d *Contracts* §§298-300 (1964).) Parties to a contract are more likely to have a joint and several contractual obligation if they have a joint or identical interest in the contract or its subject matter, instead of diverse interests. (17 Am. Jur. 2d *Contracts* §§298-300 (1964).) If two or more parties to a contract owe a joint and several duty of performance to another party to the contract and the duty is not performed, each may be liable for the entire damages resulting from the failure to perform. (See *Pleasure Driveway & Park District v. Jones* (1977), 51 Ill. App. 3d 182, 367 N.E.2d 111; 23A Ill. L. & Prac. *Judgments* §382 (1979); 17 Am. Jur. 2d *Contracts* §§298-300 (1964).) As stated in Illinois Law & Practice (12 Ill. L. & Prac. *Contracts* §263 (1955)), "[w]here the promise of several is both joint and several, the contract is in legal contemplation double, that is,

equivalent to independent contracts founded on one consideration, for performance severally, and also for performance jointly, and distinct remedies on the same instrument, treating it as a joint and several contract, may be pursued until full satisfaction is obtained." In addition, if a party to a contract is held liable for the entire damages resulting from the breach of a joint and several contractual obligation, that party is not being held to answer for what is exclusively the debt of another, but is being held responsible for an obligation which is his directly due to the joint and several nature of the obligation. In such a situation, section 1 of the Statute of Frauds' requirement of a signed writing containing a "special promise to answer for the debt, default or miscarriage of another person" is inapplicable. See *Baker Farmers Co. v. ASF Corp.* (1975), 28 Ill. App. 3d 393, 328 N.E.2d 369.

The findings of a trial court as the trier of fact will not be disturbed unless they are against the manifest weight of the evidence. (*Ross v. Steiner* (1978), 66 Ill. App. 3d 567, 384 N.E.2d 398.) It is unclear from the record whether the trial court based its judgment for plaintiff against Jordan on a determination that Jordan was jointly and severally obligated for the full amount claimed. The parties agree that testimony was taken concerning the nature of defendant's obligation to plaintiff; however, the record on appeal does not include a report of proceedings. It is well settled that it is the duty of the appellant to present a complete record on appeal so that the reviewing court will be fully informed regarding the issues in the case, and any doubt arising from the incompleteness of the record must be resolved against the appellant. (*In re Estate of McGaughey* (1978), 60 Ill. App. 3d 150, 376 N.E.2d 259.) In the absence of a report of proceedings, particularly when the judgment order states that the court is fully advised in the premises, a reviewing court "will indulge in every reasonable presumption favorable to judgment, order or ruling from which an appeal is taken" (*In re Pyles* (1978), 56 Ill. App. 3d 955, 957, 372 N.E.2d 1139), and must presume that the evidence heard by the trial court was sufficient to support the judgment absent any contrary indication in the record. *In re Estate of McGaughey.*

There is nothing in the record to indicate that a determination that Jordan was jointly and severally liable for the entire amount is against the manifest weight of the evidence. Attached to plaintiff's complaint and made a part thereof is a copy of plaintiff's "Statement" of defendants' account with plaintiff. The statement, dated March 31, 1976, is captioned "Tom Jordan d/b/a Claim Prevention Division & Jordan Service, Inc., 111 W. Hubbard, Chicago." It lists several liability and workmen's compensation policies and their effective dates, which range from 1974 to 1976, and the amount due plaintiff for each policy. The total amount due

is $8,866. The statement does not list a pro-rata part of each amount against the names of each defendant. Each amount is simply listed as one figure.

Plaintiff also submitted as exhibits a number of documents related to the insurance it provided for defendants. The name of the insured on all of these documents is listed simply as "Tom Jordan d/b/a Claim Prevention Division" or as "Tom Jordan d/b/a Claim Prevention Division & Jordan Service, Inc." On one of these documents, a declaration of automobile liability insurance for the period of April 22, 1974, to April 22, 1975, the insured is listed: "Tom Jordan d/b/a Claim Prevention Division; and Jordan Service, Inc. (Same Financial Control), 111 W. Hubbard, Chicago."

■■ On the state of the record before us, we must presume that the evidence was sufficient to support a determination that Jordan was jointly and severally liable to plaintiff for the entire $8,866 claimed by plaintiff.

Plaintiff and defendant have each made motions in this court which were taken with the case. Because of the conclusion we have reached, it is unnecessary to consider them.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.