THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RUBY COX, Defendant-Appellant.

First District (4th Division)   No. 82—859

Opinion filed March 17, 1983.

James J. Doherty, Public Defender, of Chicago (Robert D. Glick, Assist-

ant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Marie Quinlivan, and Harry H. Semrow, Jr., Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

After a bench trial, the defendant, who had been charged with the murder of her four-year-old son, was convicted of involuntary manslaughter, and sentenced to an extended term of 10 years in the Department of Corrections. On appeal, she contends that the trial judge abused his discretion in imposing an extended-term sentence.

The evidence introduced at trial in this case clearly established that the defendant, a 20-year-old woman, brought her dead infant son to a hospital emergency room, where it was ascertained that he had sustained second and third degree burns on his wrists, and had gauze and tape on his hands. The admitting physician felt that the child had died several hours earlier, and further examination of the body revealed open cuts on the chin, lacerations and bruises near the groin, and a severe open wound between the shoulder blades.

The testimony of the investigating police officer disclosed that the defendant told him the child had been burned on the hands and back accidentally, when the child put his hands in a pot of cooking spaghetti that he pulled down on himself, and when he fell against a radiator after she struck him. After the defendant was taken to the police station and advised of her *Miranda* rights, she admitted that she had been beating her son for a number of months, and that she had immersed his hands in scalding water as punishment. In addition, the doctor who performed the autopsy testified about the multiple injuries on the body. He said that the thermal burns on the boy's hands came several days before the child was brought to the hospital. He further testified that the condition of the boy's burned hands was not consistent with either accidental exposure to scalding water or accidental immersion; the hands, he said, must have been held under water a longer time. The doctor opined that the pneumonia bacteria which caused the child's death entered his body through his unprotected hand wounds. Also, the doctor testified that the burn between the child's shoulder blades was not accidental; that there was no evidence of any medical treatment for the burns before the child was brought to the hospital; that the cut on the child's chin was ulcerated and badly infected; and that the bruises on the child's body could have been caused by a belt or by grabbing or squeezing.

The defense entered a stipulation that the admitting physician at the emergency room observed the child's hands wrapped in gauze, taped, and treated with an unknown ointment. A psychologist then testified that the defendant abused her own child because she had been severely physically abused as a child; she had told him that when she placed her child's hands under the hot water, she was not aware of what she was doing. Additional witnesses also testified on the defendant's behalf. Finally, the defendant herself told the court that she put her son's hands into the hot water for about one second when she was upset with him; she said she then treated his hands with ointment and covered them with gauze after she called a doctor. She further testified that four or five days later the child became ill with vomiting and diarrhea; she then took him to the hospital, where one of the doctors said her son was dead.

After hearing all the above testimony, the trial judge found the defendant guilty of involuntary manslaughter. A person who unintentionally kills another commits involuntary manslaughter if his acts are likely to cause death or great bodily harm, and he performs them recklessly. (See Ill. Rev. Stat. 1979, ch. 38, par. 9—3(a).) After terming the defendant's actions "cruel ***, mean, hideous, horrible," and "accompanied by exceptionally brutal and heinous behavior *** indicative of wanton cruelty," the trial judge sentenced the·defendant to the extended-term sentence of 10 years in the Department of Corrections that she now contests. See Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(2).

Although defendant argues that the extended-term sentence imposed by the trial court must be vacated, we reject this contention. In this case, there was no question that defendant brutally abused her own child, and that her actions directly caused his death. There was ample evidence to support the trial judge's comments at sentencing that "it is wanton and blatant cruelty to take a *** child's hands and put them halfway above his wrist in scalding hot water. I think it is wanton cruelty to sit back three days *** before you take the child to the hospital." Accordingly, when the judge found defendant guilty of involuntary manslaughter, he implicitly found that her reckless acts caused the child's death, though she did not intentionally kill the child. (Ill. Rev. Stat. 1979, ch. 38, par. 9—3(a).) A reckless act is performed "wantonly, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning." (Ill. Rev. Stat. 1979, ch. 38, par. 4—6.) Thus, by definition, the finding of recklessness inherent in the offense of involuntary manslaughter is equivalent to a finding that defendant's acts were performed wantonly. And,

as the court stated in *People v. Jones* (1979), 73 Ill. App. 3d 99, 103, 391 N.E.2d 767, 769, "cruelty" can be a "disposition to inflict pain or suffering," or "something that causes pain or suffering." Given these definitions, the "wanton cruelty" necessary for the imposition of an extended-term sentence clearly was present. And, under the facts of this case, there can be no doubt that the offense was "accompanied by exceptionally brutal or heinous behavior," as the extended-term statute also requires. Therefore, we reject the defendant's argument that the trial judge abused his discretion, and we uphold the extended-term sentence imposed at trial.

We also find the defendant's reliance on *People v. Evans* (1981), 87 Ill. 2d 77, 429 N.E.2d 520, to be misplaced. In *Evans,* where the court rejected the imposition of an extended-term sentence, an accidental killing was found not to be accompanied by wanton cruelty. The court there also found that the defendant accidentally killed a victim he had no desire to harm, and that none of his actions were directed toward that victim. Here, however, it was painfully obvious from the evidence at trial that the defendant's actions in beating, scalding and callously neglecting her child were exceptionally brutal and heinous, and accompanied by wanton cruelty. Also, there could be no doubt that all the defendant's harmful actions were purposefully and directly aimed at her own child, regardless of the defendant's subjective intent or lack of ability to control her own actions. In addition, recent case law indicates that the broad reading of *Evans* which the defendant urges is not appropriate. See *People v. Brown* (1982), 104 Ill. App. 3d 1110, 433 N.E.2d 1081.

Accordingly, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

ROMITI, P.J., and LINN, J., concur.