ANTHONY C. CURTIS *et al.*, Joint Special Adm'rs of the Estates of Venira Marie Curtis, Deceased, *et al.*, Plaintiffs-Appellants, *v.* WAYNE BIRCH *et al.*, Defendants.—(Montgomery Ward Insurance Company, Defendant-Appellee.)

First District (2nd Division) No. 82—650

Opinion filed April 12, 1983.

Law Offices of Alan Kawitt, of Chicago, for appellants.

Robert Marc Chemers, of Pretzel & Stouffer, Chartered, of Chicago, for appellee.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Involved in this appeal is the intriguing question of whether an uninsured motorist provision in an automobile insurance policy covers the shooting death of a passenger in one car caused by shots allegedly fired by a driver of a second car which is uninsured.

Plaintiffs, Anthony C. and Veronica M. Curtis, brought this action to recover damages which stem from the shooting death of their sister, Venira M. Curtis, Jr. (victim), by defendant, Wayne Birch. An eight count amended complaint was filed by plaintiffs in which count VI, directed at Montgomery Ward Insurance Company (Ward), as-

serted liability for the damages incurred as a result of the victim's death pursuant to an uninsured motorist's provision of an auto insurance policy allegedly issued by Ward. According to the amended complaint, Ward was the insurer of the auto in which the victim was sitting when she was killed. Ward filed a motion to strike and dismiss count VI as being insufficient to state a cause of action. Ward's motion was granted on February 24, 1982, and plaintiffs filed a timely notice of appeal of the order.[1]

On appeal, plaintiffs assert that the trial court improperly granted Ward's motion to strike and dismiss count VI of their amended complaint. Our review of the pleadings shows that Venira Marie Curtis was shot with a hand gun as she sat in a car owned by Anthony C. Curtis and insured by Ward. The victim was allegedly shot by Wayne Birch as he drove an allegedly uninsured vehicle. Plaintiffs filed suit claiming that Ward's liability arose from the uninsured motorist's provision of an auto insurance policy issued to Anthony C. Curtis. Plaintiffs failed to include a copy of the insurance policy, or its relevant language, with their amended complaint.

Ward filed a motion to strike and dismiss count VI pursuant to section 45 of the Civil Practice Act (C.P.A.) (Ill. Rev. Stat. 1981, ch. 110, par. 45, now codified as section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—615)). Ward, by its said motion, asserted that count VI was erroneously based on a theory of relief pursuant to section 143a(1) of the Illinois Insurance Code (Code) (Ill. Rev. Stat. 1981, ch. 73, par. 755a(1)), which provides that:

> "no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State *** unless coverage is provided therein *** for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles *** because of bodily injury, sickness or disease, including death, resulting therefrom ***."

Ward also contended that count VI failed to state a cause of action in tort or contract and was substantially insufficient as a matter of law. Ward asserted that no "accident," as anticipated by an automobile insurance policy, was alleged in count VI.

---

[1]Plaintiffs appeal the order as it relates to Ward only. On February 24, 1982, the trial court, by separate order, dismissed count VIII against two other defendants, Arthur C. Curtis, Sr., and Venira M. Curtis, Sr.

I

In appellants' brief, plaintiffs apparently abandoned the theory of recovery advanced in count VI, pursuant to section 143a of the Code. Rather, plaintiffs claim that Ward's motion to strike and dismiss was insufficient and that the trial court erred in granting that motion. A review of the cases plaintiffs rely upon leads us to the conclusion that plaintiffs are confusing the requirements of a movant filing a motion under section 45 with a movant filing a motion pursuant to section 48 of the C.P.A. Ill. Rev. Stat. 1981, ch. 110, par. 48; Ill. Ann. Stat., ch. 110, par. 45, Supplement to Historical and Practice Notes, at 79-80 (Smith-Hurd Supp. 1982-83).

Ward made its motion pursuant to section 45 asserting that count VI was insufficient to state a cause of action as a matter of law. A motion to dismiss for failure to state a cause of action relates only to the sufficiency of the complaint and the trial court should base its decision only on the allegations set forth in the complaint. (*Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 131, 359 N.E.2d 171.) Ward's only obligation in filing its motion pursuant to section 45 was to specify the deficiencies in count VI. (*Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 946-47, 338 N.E.2d 912.) Ward argued, and the trial court agreed, that no legally sufficient basis existed for the relief plaintiffs were seeking in count VI. We agree.

In Illinois, it is well established that " '[a] cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover.' " (*Resag v. Washington National Insurance Co.* (1980), 90 Ill. App. 3d 971, 973, 414 N.E.2d 107.) "The Civil Practice Act provides that pleadings shall be liberally construed with a view to doing substantial justice [citation] although it will not sustain a complaint which wholly fails to state a cause of action." (*Burks v. Madyun* (1982), 105 Ill. App. 3d 917, 919, 435 N.E.2d 185, *appeal denied* (1982), 91 Ill. 2d 567.) When the legal sufficiency of a complaint is challenged by a motion to dismiss pursuant to section 45, all well-pleaded facts in the complaint are to be taken as true "and a reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief may be granted." (*Burks v. Madyun* (1982), 105 Ill. App. 3d 917, 919.) A motion to strike and dismiss a complaint or, as here, part of a complaint "does not admit conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest." (*Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569,

571-72, 402 N.E.2d 885.) Plaintiffs' claim that an insurance policy existed, containing an uninsured motorist's clause, is a legal conclusion unsupported by specific facts in the record and as such is not admitted by the motion to dismiss. *Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 573.

■ Plaintiffs did not provide this court with a copy of the insurance policy upon which they base their claim. As appellants in this matter, it is plaintiffs' responsibility to have provided the disputed policy for review. (*Brokerage Resources, Inc. v. Jordan* (1980), 80 Ill. App. 3d 605, 609, 400 N.E.2d 77.) During oral argument in this court, plaintiffs explained that they did not have a copy of the insurance policy and suggested that it was Ward's duty to provide a copy for the court. In the amended complaint, appellants allege that "said Decedent was sitting in plaintiff's car insured by defendant, MONTGOMERY WARD INSURANCE CO., and his policy contained the usual provision for uninsured motorist coverage." Plaintiffs should have provided copies of the instant policy and, given the liberal discovery rules in this State (87 Ill. 2d R. 214), there is no excuse for plaintiffs' failure to have done so.

## II

■ Assuming, *arguendo*, the existence of the insurance policy between plaintiffs and Ward, count VI is insufficient as a matter of law. It will not provide the relief plaintiffs seek based upon the uninsured motorist's provision of an insurance contract or under section 143a of the Insurance Code. Since July 1, 1963, the Code has required that an auto insurance policy provide uninsured motorist's coverage. "This uninsured coverage extends to insured persons who may be entitled to recover damages for bodily injury or death from owners and operators of uninsured motor vehicles." (*Severs v. County Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 518, 434 N.E.2d 290.) In *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 4, 269 N.E.2d 295, the supreme court explained that "the purpose of the provision in our Insurance Code requiring that every automobile liability policy shall contain uninsured motorist vehicle coverage in an amount not less than the limits described in the Financial Responsibility Law [citation] was intended to place the policyholder in substantially the same position he would occupy, so far as his being injured or killed is concerned, if the wrongful driver had had the minimum liability insurance required by the Financial Responsibility Act." (See also *Kerouac v. Kerouac* (1981), 99 Ill. App. 3d 254, 258-59, 425 N.E.2d 543, *appeal denied* (1981), 85 Ill. 2d 577.) We have not found, nor have plaintiffs referred

us to, any indication that the legislature anticipated or intended that the liability of an insurer could be established by the intentional, criminal conduct, such as that involved here.

Plaintiffs' brief cited no Illinois authority in support of their theory of recovery under an uninsured motorist's provision of an automobile insurance policy. During oral argument in this court, plaintiffs cited an Arkansas case, *Craig v. State Farm Auto Insurance Co.* (1975), 257 Ark. 751, 519 S.W.2d 741, as support for their theory. However, the question whether an uninsured motorist's clause covered intentionally inflicted injuries was never directly addressed in *Craig.* The court found that there was enough evidence to allow the case to go to the jury where the driver of a truck involved in a hit-and-run accident, apparently caused by the intentional acts of a passenger in the truck, participated in the acts leading to the accident. The evidence revealed that the driver of the truck was continually speeding up and slowing down, causing traffic to bottle up. As the driver of the car in which Jeff Craig was riding approached, a passenger in the truck threw a sack of cans out the window, causing the driver to lose control of the car resulting in the death of Jeff Craig. The court concluded that the actions of the driver of the truck in slowing traffic as well as leaving the scene of the accident were sufficient use of the vehicle to allow the question of coverage under the uninsured motorist's provision to go to the jury. *Craig v. State Farm Auto Insurance Co.* (1975), 257 Ark. 751, 753, 519 S.W.2d 741, 743.

Those few cases which have allowed an insured to recover, under an uninsured motorist's provision of an auto insurance policy for intentional acts of the uninsured or unknown driver, involved injuries caused by the use of the auto as the instrumentality of the resultant injuries. (See Annot., 72 A.L.R.3d 1161, 1164-68 (1976).) Plaintiffs cite no Illinois authority which would allow such coverage. On the other hand, Illinois courts have consistently held that some direct contact between the insured's vehicle and that of the uninsured or unknown driver is a condition precedent to establishing liability pursuant to section 143a of the Code. *Finch v. Central National Insurance Group* (1974), 59 Ill. 2d 123, 124, 319 N.E.2d 468.

Here, no such contact occurred. The instrumentality of the victim's injuries was a hand gun. The assailant could have carried out his intentions from a bicycle or on foot. The fact that the assailant was in a car at the time was merely incidental.

### III

We have earlier noted the fact that the record before the court

did not include the insurance policy or any portion of it. From what can be determined, the policy was not before the trial court. It is plaintiffs' responsibility as appellants in this matter to provide the disputed insurance policy for this court to review. (*Brokerage Resources, Inc. v. Jordan* (1980), 80 Ill. App. 3d 605, 609, 400 N.E.2d 77.) It is impossible for this court to determine the scope and applicability of the particular insurance policy when the plaintiffs fail to provide it as part of the record. *Spencer v. Community Hospital* (1980), 87 Ill. App. 3d 214, 217, 408 N.E.2d 981.

It is also to be noted that appellants' brief fails to minimally comply with Supreme Court Rules 341 and 342 (87 Ill. 2d Rules 341, 342). For example, in the trial court, appellants cited authority which allegedly supported the theory advocated to the trial court. Yet, before this court, although the theory is argued, supportive citations were omitted. It is not the responsibility of this court to research and argue a case for any party. Likewise, the brief contains no appendix, or a single-page reference to the record, as also required in Rule 342. (See *Consultants & Administrators, Inc. v. Department of Insurance* (1982), 103 Ill. App. 3d 920, 924 n.6, 431 N.E.2d 1306, *cert. denied* (1982), 459 U.S. 910, 74 L. Ed. 2d 172, 103 S. Ct. 216.) Counsel for appellants is not inexperienced, as our records indicate that at the present time he is attorney of record in seven cases before this court. Rules are important in order to guide an appellant as to what should be in the brief and appendix. Each rule also assists the court in understanding the nature of the appeal and that portion of the record relied upon by the appellant. This indifferent disregard for these procedural rules dilutes the effectiveness of an appeal and should not be condoned. See *47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 232-33, 371 N.E.2d 294, *appeal denied* (1978), 71 Ill. 2d 598.

For reasons herein stated, the judgment of the circuit court of Cook County is affirmed.[2]

Affirmed.

STAMOS and HARTMAN, JJ., concur.

---

[2]Plaintiffs' motion to dismiss portions of Ward's brief were taken with this appeal and have been reviewed. Plaintiffs' motion is hereby denied.