GUY E. COLE *et al.*, Plaintiffs-Appellants, *v.* PEKIN INSURANCE COMPANY, Defendant-Appellee.

First District (4th Division)    No. 82—2444

Opinion filed August 25, 1983.

Arthur H. Levinson, of Michael D. Spinak & Associates, of Chicago, for appellants.

Pretzel & Stouffer, of Chicago (Robert Marc Chemers, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, Guy E. and Kerry Cole, appeal the dismissal of their complaint against defendant, Pekin Insurance Company, and raise the following issues for review: (1) whether the physical contact requirement is an impermissible limitation on the uninsured motorist statute and is contrary to legislative intent and public policy; (2) whether the term, "hit-and-run" implies a requirement of physical contact; and (3) whether the prevention of fraud is a valid reason to frustrate the intent of the uninsured motorist statute.

We affirm.

An examination of the record establishes the following.

On May 16, 1979, plaintiff, Guy E. Cole, and his passenger, Kerry Cole, were involved in an accident with an unknown hit-and-run driver. They were forced off the highway in an attempt to avoid a head-on collision with a vehicle traveling northbound in a southbound lane. Plaintiffs were injured without any physical contact between their automobile and the hit-and-run vehicle.

At the time of the accident, plaintiff Guy Cole was insured by defendant insurance company. The uninsured motorist section of the policy provided in pertinent part as follows:

"The company will pay all sums which the insured *** shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle ***."

The term "uninsured highway vehicle" included the term "hit-and-run vehicle," which was defined as one "which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with the vehicle which the insured is occupying at the time of the accident ***."

After defendant refused to honor their uninsured motorist claim, plaintiffs filed a lawsuit. On September 16, 1982, the trial court, on defendant's motion, dismissed plaintiffs' complaint with prejudice. Plaintiffs appeal.

The first issue raised by plaintiffs is whether the physical contact requirement is an impermissible limitation on the uninsured motorist statute (Ill. Rev. Stat. 1979, ch. 73, par. 755a) and is contrary to legislative intent and public policy. Plaintiffs argue that the purpose of the statute is to compensate persons who are damaged through wrongful conduct of motorists who, because they are uninsured or not financially responsible, cannot be made to respond in damages. Plaintiffs contend that the uninsured motorist statutes are remedial in nature and should be liberally construed to provide broad protection to the insured against all damages resulting from bodily injuries sustained by the insured which were caused by the acts of the uninsured motorist. Plaintiffs cite case law from 17 other jurisdictions which hold that the physical contact requirement is an impermissible limitation.

Plaintiffs next argue that physical contact does not provide meaning to the term "hit-and-run" but is a way of preventing fraudulent claims. However, the prevention of fraud is not a valid reason to frustrate the uninsured motorist statute. According to plaintiffs, adversary proceedings can eliminate fraudulent claims.

In *Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109, 317 N.E.2d 550, and *Finch v. Central National Insurance Group* (1974), 59 Ill. 2d 123, 319 N.E.2d 468, our supreme court considered the precise issues raised by this appeal. In *Ferega*, plaintiff was injured when he attempted to avoid a collision with a vehicle which was never identified nor its driver apprehended. Plaintiff argued that the language in his automobile insurance policy should be modified so as to eliminate the requirement of physical contact in a hit-and-run and that the requirement of physical contact is against public policy. In *Finch*, plaintiff was injured by a driver who was trying to avoid a collision with an unidentified driver. In *Finch*, the supreme court reiterated its holding in *Ferega* that the physical contact between the vehicle of the insured and that of a hit-and-run driver was required under the insurance policy and inclusion of a provision to that effect was valid under the Illinois insurance statute. *Finch v.*

*Central National Insurance Group* (1974), 59 Ill. 2d 123, 124.

Plaintiffs urge that this court follow a recent trend in 17 jurisdictions which hold that the physical contact requirement is an impermissible limitation on public policy and is therefore invalid. However, even if we were in sympathy with plaintiffs' contention, it is not for this court to reverse the opinions of the Illinois Supreme Court. (*Mentesana v. La-Franco* (1979), 73 Ill. App. 3d 204, 210, 391 N.E.2d 416, 421.) Therefore, we hold that the trial court properly dismissed plaintiffs' complaint for uninsured motorist coverage where it alleged no physical contact.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P.J., and JIGANTI, J., concur.