IRA YUTKIN *et al.*, Plaintiffs-Appellees, v. UNITED STATES FIDELITY
& GUARANTY COMPANY, Defendant-Appellant.

First District (3rd Division)   No. 86—144

Opinion filed August 20, 1986.

Epton, Mullin & Druth, Ltd., of Chicago (James V. Creen and Mary F.
Stafford, of counsel), for appellant.

Burton I. Weinstein and Robert A. Shipley, both of Baskin, Server,
Berke & Weinstein, of Chicago, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, Ira and Doris Yutkin, sought a declaration of their
rights to recover benefits under the hit-and-run language of an unin-
sured-motorist policy issued by defendant, the United States Fidelity
and Guaranty Company, for damages incurred when plaintiffs' auto-

mobile crashed after hitting a piece of debris lying on the highway. The trial court entered a declaratory judgment on behalf of plaintiffs, finding that coverage existed.

The parties stipulated that, if called to testify, Ira Yutkin would state that on July 12, 1982, he was driving in the center lane of a highway when his car struck a black object which was lying in the road. The object was propelled into the air by plaintiffs' own car, and it then struck the windshield of plaintiffs' car. Yutkin lost control of the car, crashed into a concrete embankment, and was injured. He did not know how the object came to be on the road.

Richard Suchocki, an eyewitness, testified that he was driving behind plaintiffs' car in light traffic on a sunny day when he saw plaintiffs' right tire strike an object in the road, which flew into the air, hitting plaintiffs' windshield. The object never struck Suchocki's truck. Suchocki stopped and called for assistance. Upon returning to the accident scene, he found a black object that he believed was possibly a tire fragment. He testified that he thought the object was a piece of "recap," *i.e.*, a portion of a worn-out tire from which the core had been removed and new treads had been added. He thought the recap probably came from a tractor-trailer. Suchocki did not know how the object came to be on the roadway, did not see it come off any other vehicle, and saw no vehicles ahead of plaintiffs car in the other land of traffic prior to the accident.

The trial court found that plaintiffs had coverage under their uninsured-motorist policy. The court, however, incorrectly stated that Suchocki had testified he saw an unidentified vehicle strike the object in the road, propelling it against plaintiffs' windshield. Defendant filed a post-trial motion and at the hearing on the motion to vacate, the court acknowledged its misstatement of the testimony, and on that basis it granted defendant's motion to vacate. The court, however, again entered judgment in favor of plaintiffs.

■ The uninsured-motorist provision in the policy at issue defines a hit-and-run vehicle as "a highway vehicle which causes bodily injury to an insured arising out of *physical contact* of such vehicle with the insured or with a vehicle the insured is occupying at the time of the accident." (Emphasis added.) Generally, in cases involving hit-and-run vehicles the Illinois courts require some type of physical contact between the hit-and-run vehicle and the insured vehicle in order to recover under an uninsured motorist clause. (*Country Mutual Insurance Co. v. Kosmos* (1983), 116 Ill. App. 3d 914, 452 N.E.2d 547; *Curtis v. Birch* (1983), 114 Ill. App. 3d 127, 448 N.E.2d 591.) The purpose underlying the physical contact requirement is to prevent fraudulent

claims. (*Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109, 317 N.E.2d 550.) The uninsured-motorist statute (Ill. Rev. Stat. 1985, ch. 73, par. 755a) is meant to compensate persons damaged through the wrongful conduct of uninsured motorists, but the relevant policy language which functions to prevent fraud does not dilute this statutorily required coverage. (*Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109, 317 N.E.2d 550; *Cole v. Pekin Insurance Co.* (1983), 117 Ill. App. 3d 391, 453 N.E.2d 876.) Where no physical contact occurs, a denial of coverage has been upheld. (See, *e.g., Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109, 317 N.E.2d 550 (insured swerved to avoid oncoming vehicle); *Cole v. Pekin Insurance Co.* (1983), 117 Ill. App. 3d 391, 453 N.E.2d 876 (insured forced off road to avoid head-on collision).) Because no direct physical contact occurred here between two vehicles, we must review the law concerning indirect physical contact and determine whether it is applicable in the present case.

Hit-and-run cases involving indirect physical contact and finding coverage exists have included facts involving an unidentified vehicle hitting an intervening vehicle which in turn hits the insured's car (see, *e.g., State Farm Mutual Automobile Insurance Co. v. Carlson* (1973), 130 Ga. App. 27, 202 S.E.2d 213); the insured's vehicle being struck by an object flying off a passing unidentified vehicle (see, *e.g., Illinois National Insurance Co. v. Palmer* (1983), 116 Ill. App. 3d 1067, 452 N.E.2d 707); and the insured's vehicle striking an integral part of a vehicle which is lying on the road (see, *e.g., Adams v. Mr. Zajac L.C.L. Transit Co.* (1981), 110 Mich. App. 522, 313 N.W.2d 347). (See generally Annot., 25 A.L.R.3d 1299 (1969).) We turn to the analysis supporting the holding in *Palmer*, the Illinois case with the factual setting most like the one in the present case.

In *Palmer*, this court found coverage existed where the insured's automobile crashed after the car was struck by a lug nut flying off an unidentified passing vehicle. The *Palmer* court reasoned that uninsured-motorist coverage existed because there was a direct causal connection between the hit-and-run vehicle and the insured's vehicle, which connection carried over to the insured's vehicle by means of a continuous and contemporaneously transmitted force. The present case differs considerably from *Palmer*. Here, there is no direct causal connection between any vehicle and plaintiffs' vehicle. It is unknown whether another vehicle even existed or, for example, whether the object lying in the road had fallen from a garbage truck weeks earlier. There is simply no evidence of when or how the piece of debris came to rest in the road. (Compare *Adams v. Mr. Zajac L.C.L. Transit Co.*

(1981), 110 Mich. App. 522, 313 N.W.2d 347 (two witnesses observe truck pulling away from side of highway at the same time the insured struck a tire and rim assembly lying in the middle of the road).) Here no evidence shows that the object was thrown directly from a passing vehicle as in *Palmer*.

■ Generally, we believe that allowance of any coverage when indirect physical contact occurs should require not only minimal possibilities of fraud, but also a causal connection consisting of a substantial nexus between the hit-and-run vehicle and the intermediate object, such as the nexus that existed in *Palmer*. (See *Allied Fidelity Insurance Co. v. Lamb* (Ind. App. 1977), 361 N.E.2d 174, 57 Ind. Dec. 36.) If that substantial physical nexus exists and the intermediate object is transmitted to the insured's vehicle by a force which is continuous and contemporaneous, coverage may be found. (See *Illinois National Insurance Co. v. Palmer* (1983), 116 Ill. App. 3d 1067, 452 N.E.2d 707.) We caution, however, that each case must be viewed narrowly in its own factual setting to determine whether the indirect physical contact is sufficient.

Other jurisdictions faced with similar situations have held that no coverage existed under the uninsured-motorist policies. In *Government Employees Insurance Co. v. Goldshlager* (1974), 44 A.D.2d 715, 355 N.Y.S.2d 9, a wheel became detached from an unidentified vehicle, bounced across the road and struck the insured's vehicle. The court held that the requisite physical contact did not exist. That court relied on *Smith v. Great American Insurance Co.* (1971), 29 N.Y.2d 116, 324 N.Y.S.2d 15, 272 N.E.2d 528, which held no coverage existed when ice and snow fell from a passing truck and struck the insured's car. The *Smith* court reasoned that there must be an initial collision with something, and then continued transmission of a colliding force with plaintiffs' vehicle. This type of requirement would better evidence the existence of a hit-and-run vehicle, and it would provide a greater likelihood that the driver of the unidentified car was negligent. In *Blankenbaker v. Great Central Insurance Co.* (1972), 151 Ind. App. 693, 281 N.E.2d 496, the court found no coverage existed when a car struck a tire assembly lying in the road. The court distinguished cases where the unidentified vehicle was present at the scene, thus establishing a causal connection between some vehicle and the tire-and-rim assembly. But see *Adams v. Mr. Zajac L.C.L. Transit Co.* (1981), 110 Mich. App. 522, 313 N.W.2d 347 (insurance coverage exists because physical-contact requirement satisfied where insured vehicle struck tire assembly lying in lane and two witnesses saw truck pulling away from side of road) criticizing *Kersten v. Detroit Automo-*

*bile Inter-Insurance Exchange* (1978), 82 Mich. App. 459, 267 N.W.2d 425 (no insurance coverage exists because physical contact too attenuated where insured vehicle struck tire assembly lying in road but no evidence was presented as to who dropped the debris in the road).

In the present case, any connection between the object plaintiff struck and another vehicle is far too attenuated to permit this court to declare that plaintiffs are entitled to benefits under the hit-and-run clause of the uninsured-motorists policy. Illinois law reflects no indication that the courts or legislature are willing to extend the physical contact requirement to permit an insured, whose vehicle hits debris strewn in the roadway with no evidence of the source of the debris, to successfully claim they were damaged by the negligence of a hit-and-run driver.

For the foregoing reasons, the judgment of the circuit court of Cook County in favor of plaintiffs is reversed.

Judgment reversed.

McGILLICUDDY and WHITE, JJ., concur.