THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATSY FRANKLIN, Defendant-Appellant.

First District (2nd Division)   No. 85—0173

Opinion filed July 28, 1987.

James J. Doherty, Public Defender, of Chicago (Frances Sowa, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., and Loretta Davenport, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

Defendant Patsy Franklin (Franklin) was being tried for the murder of her three-year-old daughter Andrea when Judge Cornelius J. Houtsma, Jr., declared a mistrial. The cause was transferred to Judge Dwight McKay, who dismissed it on double jeopardy grounds. This court reversed and remanded the cause for further findings by the trial court in light of *Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083, on the issue of whether the prosecutor intended to provoke Franklin into moving for a mistrial. *People v. Franklin* (1983), 119 Ill. App. 3d 899, 457 N.E.2d 1005.

Subsequently, Judge Houtsma held that the People were not barred from retrying Franklin and denied her initial motion to dismiss, which had first been heard before Judge McKay. In a jury trial before Judge Frank Meekins, Franklin was convicted of involuntary manslaughter and received an extended-term sentence of eight years' imprisonment, from which she appeals.

Immediately prior to the commencement of the first trial, defense counsel made a discovery request for the People's notes of the statements of Dr. Robert Stein (Stein), the Cook County medical examiner, who was to testify on behalf of the prosecution. (*People v. Franklin* (1983), 119 Ill. App. 3d 899, 900, 457 N.E.2d 1005.) The People re-

plied that they did not take notes of their interview with Stein. (119 Ill. App. 3d 899, 900, 457 N.E.2d 1005.) However, upon review of defense counsel's notes of an interview with Dr. Stein, the People indicated that some of the statements contained therein could be impeaching of the doctor's testimony. 119 Ill. App. 3d 899, 901, 457 N.E.2d 1005.

Defense counsel then repeated his request for any information the People possessed that contradicted the information contained in the notes of his interview with Dr. Stein. (119 Ill. App. 3d 899, 901, 457 N.E.2d 1005.) The prosecutor responded that he did not believe the rules of discovery required him to write down and tender everything that Stein said to him. (119 Ill. App. 3d 899, 901, 457 N.E.2d 1005.) The trial court then ordered the prosecution to disclose any information it had that was different from the information contained in defense counsel's notes. (119 Ill. App. 3d 899, 901, 457 N.E.2d 1005.) Although the People knew at that time that Stein had changed his opinion regarding the manner of Andrea's death from undetermined to homicide, they did not disclose this information. (119 Ill. App. 3d 899, 901, 457 N.E.2d 1005.) Instead, they revealed several minor inconsistencies in Dr. Stein's statements. 119 Ill. App. 3d 899, 901, 457 N.E.2d 1005.

On direct examination, Stein testified that due to information he recently had received he had changed his opinion regarding the manner of death and believed that the death was a homicide. (119 Ill. App. 3d 899, 903, 457 N.E.2d 1005.) At that time, the trial judge granted defense counsel's motion for a mistrial, because " 'the failure of the State to reveal the additional information known to them prior to the beginning of this trial is extremely prejudicial to the defense.' " 119 Ill. App. 3d 899, 904, 457 N.E.2d 1005 (quoting Judge Houtsma).

The case was then assigned to Judge Dwight McKay for retrial. (119 Ill. App. 3d 899, 904, 457 N.E.2d 1005.) Franklin moved for discharge and argued that retrial was barred by double jeopardy because the mistrial was the result of prosecutorial misconduct. (119 Ill. App. 3d 899, 904, 457 N.E.2d 1005.) Judge McKay granted the motion and found that the prosecution's failure to disclose material information was the cause of the mistrial. 119 Ill. App. 3d 899, 904, 457 N.E.2d 1005.

On appeal, this court held that the standard set forth in *Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083, was the appropriate standard for determining whether the prosecutor's actions would invoke a double jeopardy bar to retrial. In *Oregon v. Kennedy,* the United States Supreme Court held that retrial would

not be barred unless the prosecutor *intended* to provoke a mistrial. Since Judge McKay had made no finding with respect to the prosecutor's intent, this court remanded the cause for a specific finding as to that issue. *People v. Franklin* (1983), 119 Ill. App. 3d 899, 906, 457 N.E.2d 1005.

Judge McKay transferred the cause back to Judge Houtsma, who heard argument on the issue of prosecutorial intent. Defense counsel asserted that the prosecutor's actions in violating the discovery rules and the direct order of the trial court to disclose could lead to no other conclusion but that the prosecutor intended to provoke a mistrial. The People replied that they had successfully presented their case until the point in the proceedings at which the mistrial was declared, and thus had no reason to cause a mistrial. Judge Houtsma concluded that the prosecutor was motivated by a firm, but mistaken, belief that he was under no duty to disclose the information and that the prosecutor did not intend to provoke a mistrial. Accordingly, he denied Franklin's pending motion for dismissal, which she initially made before Judge McKay.

Franklin was retried before a jury, Judge Frank Meekins presiding. Franklin testified that on July 17, 1980, she spanked Andrea with a leather belt for drinking out of a toilet. Franklin then blacked out, and as she was blacking out, she saw Andrea fall into a cocktail table. When Franklin came to, she saw Andrea lying on the floor and gasping for air, so Franklin called the paramedics. She denied hitting Andrea with anything other than the leather portion of the belt and denied that the child had bruises all over her body. Franklin and her husband both testified that Andrea was a slow learner and a slow talker.

Among the People's witnesses were Dr. Lauth, the physician who examined Andrea in the emergency room, and Stein, who both testified that Andrea had numerous abrasions and contusions on her body from great trauma or force that could not have been caused accidentally. Dr. Lauth testified that Andrea was dead on arrival at the hospital, while Dr. Stein testified that the cause of death was hemoperitoneum, a block in the abdominal cavity due to lacerations of the liver caused by blunt trauma. In Stein's opinion, based on her condition upon arrival in the emergency room and on his autopsy findings, Andrea's death was a homicide. David Morgan, a former social worker for the Department of Children and Family Services (DCFS), testified that he spoke with Franklin on July 23, 1980, and that she acknowledged that the bruises on Andrea were the result of Franklin's spankings. Jeff Bolker, a social worker for DCFS, testified that he talked

with Franklin on March 26, 1981, regarding Andrea's death, and she stated that she blacked out and could not control her anger.

The jury convicted Franklin of involuntary manslaughter, and the trial judge found Franklin's actions to be "cruel, mean, hideous and horrible." He therefore imposed an extended-term sentence of eight years' imprisonment, from which Franklin appeals.

■■ The People maintain that Franklin waived the issue that her second trial was barred by double jeopardy because she failed to avail herself of the remedy provided in Supreme Court Rule 604(f), which states as follows: "The defendant may appeal to the Appellate Court the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy." (94 Ill. 2d R. 604(f).) Hence, the prosecution contends that before the second trial began, Franklin should have appealed Judge Houtsma's decision to allow a retrial. We disagree.

Supreme Court Rule 604(f) does not mandate that a defendant file an interlocutory appeal; rather, by using the work "may" it merely provides a defendant with the option of doing so. The issue of waiver under Supreme Court Rule 604(f) is one of first impression; however, the reasoning employed by the appellate court in its decision in *Davis v. Bughdadi* (1983), 120 Ill. App. 3d 236, 458 N.E.2d 177, is persuasive, despite the fact that *Davis* is a civil case and the instant case is a criminal case. The court in *Davis* adjudicated the waiver question as to Supreme Court Rule 307(a), which provides as follows: "An appeal may be taken to the Appellate Court from any interlocutory order of court ***." (87 Ill. 2d R. 307(a).) The *Davis* court noted that Supreme Court Rule 307(a), like Supreme Court Rule 604(f), states "that an interlocutory appeal *may* be taken from an order terminating parental rights, not that such an appeal must be taken in order to preserve review of the order." (Emphasis in original.) (*Davis v. Bughdadi* (1983), 120 Ill. App. 3d 236, 241, 458 N.E.2d 177.) The court concluded by emphasizing that "[a]n appeal from a final judgment draws into question all prior, nonfinal orders and rulings which produced the judgment. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433, 394 N.E.2d 380.)" (120 Ill. App. 3d 236, 241, 458 N.E.2d 177.) Accordingly, the trial court's denial of Franklin's motion for dismissal of the cause is an issue properly before this court and has not been waived by Franklin.

■ Franklin also disputes Judge Houtsma's finding that the prosecutor did not intend to provoke a mistrial. The courts in this State have not broadened the United States Supreme Court's decision in *Oregon v. Kennedy* (1982), 456 U.S. 667, 679, 72 L. Ed. 2d 416, 427, 102 S. Ct. 2083, 2091, which held that a retrial was barred by double

jeopardy only if the prosecutor's conduct was "intended to provoke the defendant into moving for a mistrial." (*People v. Ramirez* (1986), 114 Ill. 2d 125, 130-31, 500 N.E.2d 14; *People v. Davis* (1986), 112 Ill. 2d 78, 86, 491 N.E.2d 1163; *People v. Gathings* (1984), 128 Ill. App. 3d 475, 477, 470 N.E.2d 1260.) Accordingly, the double jeopardy clause of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 10), affords Franklin no greater protection than does the double jeopardy clause of the United States Constitution (U.S. Const., amend. V).

This cause previously was remanded to the circuit court for a finding regarding prosecutorial intent. Judge Houtsma, based on the objective evidence before him, namely his reexamination of the record and his observations of the argument of the prosecutor, decided that the prosecutor had a firm but mistaken belief and did not intend to provoke a mistrial. We reject defense counsel's argument that the trial judge should have held a hearing as to the prosecutor's intent, given that such a hearing would not have furnished any additional objective evidence upon which the trial judge could have made his decision concerning the prosecutor's intent. In order to reverse Judge Houtsma's finding that the prosecutor did not intend to provoke a mistrial, this court would have to determine that his decision was an abuse of discretion (*Agrinetics, Inc. v. Stob* (1980), 90 Ill. App. 3d 107, 109, 412 N.E.2d 714; *Brokerage Resources, Inc. v. Jordan* (1980), 80 Ill. App. 3d 605, 609, 400 N.E.2d 77); however, we do not conclude that the trial court abused its discretion and thus decline to reverse Judge Houtsma's finding.

Franklin further contends that the trial judge abused his discretion by imposing an extended sentence. Our supreme court, in a case wherein the circuit court's imposition of an extended sentence was endorsed, noted:

> "The determination and imposition of a sentence is a matter involving considerable judicial discretion, and our recent cases have repeatedly emphasized that the standard of review to be applied in determining whether a sentence is excessive is: Did the trial judge abuse his discretion in imposing that sentence?" *People v. La Pointe* (1981), 88 Ill. 2d 482, 492, 431 N.E.2d 344.

We find no abuse of discretion in the instant case. The trial judge specifically mentioned the aggravating and mitigating factors that he weighed, as did the trial court in *La Pointe*. (88 Ill. 2d 482, 490, 431 N.E.2d 344.) Despite Franklin's contention to the contrary, the trial court properly considered the fact that Andrea was slow, evidenced by the fact that she moved and talked slowly. Both of her parents testified to the effect that she was slow, which the People accurately

62

contend tends to make the crime appear to be more cruel. Furthermore, the People cite a case wherein this court upheld an extended-term sentence for a mother who was convicted of the involuntary manslaughter of her four-year-old child. (*People v. Cox* (1983), 113 Ill. App. 3d 136, 446 N.E.2d 1280.) Franklin attempts to distinguish *Cox* on the basis that the child in that case suffered for several days before the mother brought him to the hospital, but that is a difference without a distinction. In the case at bar, it was not an abuse of discretion for the trial judge to conclude that Franklin's killing of her defenseless child was wanton and exceptionally brutal behavior and thus impose an extended-term sentence.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.

HARTMAN and BILANDIC, JJ., concur.