HOMER FITZGERALD, Plaintiff-Appellant, *v.* JAMES VAN BUSKIRK *et al.*, Defendants-Appellees.

(No. 72-130;

Second District—January 16, 1974.

Adamowski, Newey & Riley, of Chicago, for appellant.

Caldwell, Berner & Caldwell, of Woodstock, for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This cause is again appealed after we earlier held that it was error for the trial court to dismiss plaintiff's complaint (96 Ill.App.2d 432 (1968).) On remand, the defendants moved for a summary judgment on the basis that the relationship between the parties was one of joint venturers, precluding plaintiff from any rights under the Mechanics' Liens Act (Ill. Rev. Stat. 1967, ch. 82, sec. 1). The trial court allowed the motion but granted plaintiff leave to amend his complaint to include any claim he might have against defendants, "sounding in contract, accounting or any other theory." Refusing to amend, a final judgment against plaintiff was entered and this appeal followed.

Plaintiff contends that the relationship between the parties was one of landowner and contractor, that the court erred in finding their arrangement to be one of joint venturers and that, at the very least, their relationship was a question of fact to be decided at trial.

A summary judgment shall be entered if the pleadings, depositions, admissions and affidavits (if any) disclose no genuine issue as to any material fact. (Ill. Rev. Stat. 1967, ch. 110, sec. 57(3).) If, on appeal from a summary judgment, the reviewing court is to determine whether the law has been properly applied, it is imperative that the record contain all matters relied on by the trial court. The burden of supplying such record rests with the one claiming error. (*Skaggs v. Junis*, 28 Ill.2d 199, 202 (1963).) Error is never presumed; it must be affirmatively shown by the record. (*Union Drainage District # 5 v. Hamilton*, 390 Ill. 487, 493-494 (1945).) In *McGann v. Lurie*, 15 Ill.App.2d 297, 300 (1957), the appellant, having failed to include a copy of his verified petition in the record, the court held that, "Where the record is incomplete, a reviewing court will indulge every reasonable presumption in favor of the judg-

ment or order. Any doubt arising from the incompleteness of the record will be resolved against the appellant."

Here the record contains defendants' answer, their motion for summary judgment, the discovery deposition of plaintiff (which plaintiff elected to file in lieu of counter-affidavits) and excerpts from the discovery deposition of defendant Sonia Van Buskirk. Missing is plaintiff's complaint upon which he relies for his claimed status and, under *McGann*, this would create a presumption in favor of the judgment. Our decision, however, need not be so based. Inasmuch as the former appeal generally set forth plaintiff's complaint, including the allegation that "he was to act as general contractor," and because defendants' motion for summary judgment includes this same portion of the complaint, we will, for the purpose of this opinion, assume plaintiff has properly pleaded his position to be that of a general contractor.

■■ During his discovery deposition, plaintiff was asked, "How did the arrangement between you and the Van Buskirk's terminate?" He responded, "She called me up one day  *  *  *  and said I was through." Plaintiff argues that the trial court erred in finding the parties joint venturers when such response clearly negated any concept of joint venture. The response may have been a factor contributing to a breach of the parties oral arrangement but, under the circumstances here, it cannot be held to have created a genuine issue of material fact as to plaintiff's status.

Plaintiff's admissions within his deposition clearly show that he was not to contribute any money, that he was "jointly interested with defendants in the operation," and that defendants were to give him $125 a week draw against his future profits, his share of the total profits being fifty percent.

■■ After our examination of the record, we conclude, as did the trial court, that in the construction of certain buildings plaintiff acted in the capacity of a joint venturer with the defendants and in such capacity was not a person entitled to a mechanic's lien under section 1 of the Mechanics' Liens Act.

The judgment is, therefore, affirmed.

Judgment affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.