AETNA LIFE INSURANCE COMPANY, INC., Plaintiff-Appellee, *v.* OTIS STRICKLAND, Adm'r, *et al.,* Defendants.—(VALERIE PHYLLIS STRICKLAND, a/k/a Valeria Phyllis Turkstra, *et al.,* Defendants-Appellants.)

(No. 61091;

First District (4th Division)—October 8, 1975.

Albert Koretzky, of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Thomas M. Crisham, and Robert J. Kennedy, of counsel), for appellee.

Michael J. Madigan, Guardian *Ad Litem.*

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal from certain orders of the Circuit Court of Cook County entered in an interpleader action brought in chancery to determine the rightful claimants to the proceeds of a life insurance policy. Appeal is also taken from an order entered dismissing an action at law (which had been consolidated with the interpleader action) brought by certain claimants to recover the proceeds of the policy.

On February 11, 1974, an interpleader complaint was filed in chancery by appellee, Aetna Life Insurance Co., Inc. (Aetna), naming two groups of beneficiaries as having adverse claims to the proceeds of a group life insurance policy providing coverage on the life of the decedent, James T. Strickland. The complaint in interpleader was filed against: Otis Strickland, administrator of the estate of decedent; Valerie Phyllis Strickland, a/k/a Valeria Phyllis Turkstra; David James Strickland (David), a minor, and Steven Strickland (Steven), a minor, a/k/a Richard Henry Turkstra, by and through Otto J. Nerad, guardian of the estates of said minors; and Renate Eaton, a/k/a Renate Strickland. The complaint alleged that all of the individuals named were making claims for the proceeds of the policy and prayed that Aetna be allowed to deposit the

proceeds with the court and be discharged from further liability under the insurance policy.

Valeria P. Strickland and Otto J. Nerad, guardian of the estates of the two minors, filed an action at law against Aetna to recover the proceeds of the insurance policy. Subsequently, they also moved to dismiss the complaint in interpleader, asserting that no real dispute existed regarding the right to the proceeds.

On April 30, 1974, Michael J. Madigan and Philip H. Mitchel were appointed to act as guardians *ad litem* for David and Steven respectively in the interpleader action.

Valeria P. Strickland (Valeria) and Otto J. Nerad (Otto) moved to vacate these appointments; however, following submission of memoranda of law, both this motion as well as their prior motion to dismiss the complaint in interpleader were denied on June 25, 1974.

On July 2, 1974, the action at law brought by Valeria and Otto was consolidated with the interpleader action. That same day, an order was entered finding the interpleader petition to be properly filed and allowing Aetna to deposit the proceeds with the clerk of the court.

Prior to July 24, 1974, Valeria and Otto filed a petition for removal of the consolidated cause to the United States District Court. On Aetna's motion the United States District Court remanded the cause to the Circuit Court of Cook County.

Valeria and Otto subsequently moved to dismiss the interpleader action on the ground that a necessary party had not been joined. Meanwhile, Aetna had moved for orders discharging it from the interpleader cause, restraining the interpleaded parties from prosecuting any further actions against Aetna, and dismissing the complaint at law.

On September 4, 1974, the trial court entered orders dismissing the complaint at law, denying the motion to dismiss the interpleader complaint for improper joinder, discharging Aetna from the interpleader cause, and restraining the interpleaded parties from prosecuting any further actions against Aetna.

It is from these orders, as well as the prior orders relating to the appointment of the guardians *ad litem* and the deposit of funds that Valeria and Otto (hereinafter also referred to as appellants) appeal.

The first question raised by appellants is whether plaintiff's complaint states a cause of action in interpleader. Appellants argue that the complaint in interpleader does not "allege any facts showing that there are adverse claimants who are making claims against [the] proceeds * * * which [claims] are not utterly baseless." Appellants do not contend that the complaint fails to allege the existence of adverse claims.

Section 26.2 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 26.2) provides that a cause of action in interpleader exists when persons have claims against the plaintiff arising out of the same subject matter and those claims may expose the plaintiff to double liability. The Civil Practice Act provides that the act is to be liberally construed (Ill. Rev. Stat. 1973, ch. 110, par. 4) and that pleadings shall be liberally construed to do substantial justice between the parties (Ill. Rev. Stat. 1973, ch. 110, par. 33(3)).

■■ A purpose of the interpleader is to relieve the stakeholder of the burden and peril of weighing the relative merits of the adverse claims. The stakeholder usually does not know the facts behind the adverse claims, and those facts which are known are usually in conflict. Moreover, the stakeholder does not possess the legal knowledge necessary to evaluate those facts. Therefore, this court does not believe that a stakeholder need allege in his interpleader complaint that the adverse claims are not utterly baseless. To do so would be contrary to the purpose and spirit of the interpleader doctrine. An additional purpose of interpleader is to relieve the stakeholder of the harassment and expense of adverse claims. Even when baseless claims are asserted against a stakeholder, they nevertheless must be defended. We believe the interpleader doctrine was designed to relieve a stakeholder from this harassment and expense so long as there was in fact a claim. In other words, the stakeholder must be in good faith when asserting that adverse claims have been presented to him.

In *Byers v. Sansom-Thayer Commission Co.* (1904), 111 Ill.App. 575, 578-79, the court stated:

"The objections set forth in the first, second and third special grounds of demurrer may be reduced to one, namely: that the claims of the other defendants, as stated in the bill, do not show their right to compel the demurring defendants to interplead with them.

The objection is without merit. Appellants cannot be presumed to know all the facts upon which the several defendants claim this money; and they are therefore not required to set forth in detail the alleged title of any of them. A bill of interpleader proceeds upon the ground that the complainant, from ignorance of the rights of the several defendants, is unable to ascertain to which of the defendants he is to account. [Citations.] Appellants were not called upon to decide disputed questions of fact, nor to resolve doubtful points of law, under the penalty of dismissal of their bill. Having stated their danger, in this, that opposing claims are made

as to the money, their indifference as between the several defendants, and their willingness to pay the money to the one entitled thereto, they have done all that is required of them."

If a complaint need not set forth in detail the alleged title of the adverse claimants, then it need not draw conclusions as to the relative merits of the claims of the adverse claimants.

This court concludes that the trial court properly denied appellants' motion to dismiss Aetna's complaint for failure to state a cause of action in interpleader.

Appellants contend that the trial court erred in allowing the interpleader action because there was no preliminary evidentiary hearing and that the trial court erred in denying appellants' motion to dismiss for failure to join a necessary party.

On appeal, error is never presumed. Instead all reasonable presumptions are in favor of the action of the trial court. Error must be affirmatively shown by the record. The burden of supplying a record which contains all matter relied on by the trial court rests with the party claiming error. (*Fitzgerald v. Van Buskirk* (1974), 16 Ill.App.3d 348, 306 N.E.2d 76.) Where the record is incomplete, a reviewing court will indulge every reasonable presumption favorable to the judgment, order, or ruling from which the appeal is taken. Moreover, when the record on appeal is incomplete, it will be presumed that the trial court heard sufficient evidence and argument to support its decision. (*Nelson v. Nelson* (1974), 17 Ill.App.3d 651, 308 N.E.2d 132.) Any doubt arising from the incompleteness of the record will be resolved against the appellant. *Halperin v. Darling & Co.* (1967), 80 Ill.App.2d 353, 225 N.E.2d 92.

■■ In the instant case two of the trial court's orders, one holding that the interpleader was properly filed and the other denying appellants' motion to dismiss for failure to join a necessary party, recite that the court was "fully advised in the premises." Furthermore, the record contains no report of the proceedings had on either day. "Where the record does not contain a report of proceedings and where the order appealed from recites that the court is fully advised in the premises, as is the fact here, a reviewing court must presume that the trial court acted in conformity to law and had before it sufficient facts to support its order." *Interstate Printing Co. v. Callahan* (1974), 18 Ill.App.3d 930, 932-33, 310 N.E.2d 786, 789.

■■ We conclude, therefore, that appellants have not sustained their burden of showing either that the interpleader was allowed without a preliminary evidentiary hearing or that the trial court abused its discretion in determining that no necessary party had been omitted.

■■ Appellants argue next that once a guardian has been appointed for the estate of a minor, other courts are precluded as a matter of law from appointing any other person to act as a guardian *ad litem* for the minor. Appellants further assert that only if the appointed guardian of the estate of a minor does not appear is a court empowered to appoint a different person as a guardian *ad litem*.

We cannot find any support for these arguments. In fact, we believe the controlling statutes contradict appellants' position.

Section 141 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 141) provides in pertinent part:

> "The guardian of the estate of a minor shall appear for and represent his ward in all legal proceedings unless another person is appointed for that purpose as guardian or next friend. This does not impair the power of any court to appoint a guardian to defend the interests of the minor in that court, or to appoint or allow any person as the next friend of a minor to commence, prosecute or defend any suit in his behalf."

Section 6 of the Chancery Act (Ill. Rev. Stat. 1973, ch. 22, par. 6) states in pertinent part:

> "In any civil action it shall be lawful for the court in which the cause is pending to appoint a guardian ad litem, to any infant or insane defendant in such cause, and to compel the person so appointed to act * * *."

Appellants also argue that the appointment of one guardian *ad litem* for each of the two minor defendants was unnecessary because their interests are not in conflict.

This court does not subscribe to this argument. Rather, a compelling reason exists which dictates against Otto Nerad's acting as the legal representative for both minors. The gist of this interpleader action is competing claims by two groups of designated beneficiaries of an insurance policy issued by Aetna. The first group of beneficiaries, designated June 8, 1968, is composed of David, Renate Strickland, and Eileen Strickland. The second group of beneficiaries, designated March 29, 1972, is composed of Stephen, David, and Valeria. The complaint in interpleader named all of these beneficiaries except Eileen Strickland, whose existence and whereabouts the record shows are in question. A controversy exists between the groups because Renate Strickland and the administrator of the decedent-insured's estate have challenged the authenticity of the March, 1972, designation of beneficiaries. If the circuit court, upon ultimate disposition, should find that this latter designation is valid, then the minor defendants would share equally in the proceeds since both are named therein. However, if the circuit court should find that the original

designation is controlling, David would take a greater share since only two beneficiaries from that designation have come forward to claim the proceeds. Thus, if the evidence warranted, it would be incumbent upon the legal representative of David to urge the circuit court to find that the earlier designation controlled. Because Stephen does not take under this designation, a clear conflict exists between his interest and that of David. Therefore, representation of their respective interests by only one guardian is inappropriate. *Clarke v. Chicago Title & Trust Co.* (1946), 393 Ill. 419, 66 N.E.2d 378.

For the foregoing reasons, the orders of the Circuit Court of Cook County are affirmed.

Orders affirmed.

DIERINGER, P. J., and BURMAN, J., concur.