SUSAN W. REACE, Plaintiff-Appellee, v. RICHARD H. REACE, Defendant-Appellant.

First District (4th Division)   No. 62254

Opinion filed June 9, 1976.

Patrick J. Leston, of Villa Park, for appellant.

Friedman, Armstrong & Donnelly, of Chicago (Edwin R. Armstrong, James R. Donnelly, and James T. Friedman, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant appeals from an order, entered on May 12, 1975, denying defendant's petition to change and alter an order, entered on April 7, 1975. The latter order, from which defendant also appeals, reads in pertinent part as follows:

"Plaintiff's custody of the child is confirmed in the mother. Mother shall have exclusive right of general and religious training of the child and Husband shall not interfere in Plaintiff's religious training of the child."

In his petition of May 7, 1975, defendant asserted that "this portion of the order was entered without the understanding of [defendant] Petitioner, although ostensibly by agreement," that defendant wished to assist in the religious training of the child, and that the order be altered to reflect defendant's true intention. The order of May 12, 1975, denying defendant's petition to change and alter, recited that the court had been "apprised in the premises" and had "heard arguments of counsel." The order of April 7, 1975, recites that "the parties [were] represented in Court by counsel and the parties' minor child [was] represented by a Guardian ad Litem."

This court has not been presented with a complete record on appeal. There is no report of proceedings for either April 7, 1975, or May 12, 1975. Where an appellant does not bring before a reviewing court a complete report of proceedings, the reviewing court will presume that the omitted report of proceedings justifies the order from which the appeal is taken. (*O'Berry v. O'Berry*, 36 Ill. App. 2d 163, 183 N.E.2d 539.) Therefore, in the absence of a report of proceedings for either April 7, 1975, or for May 12, 1975, the orders of the circuit court of Cook County entered in this case on those dates are affirmed.

Orders affirmed.

JOHNSON, P. J., and BURMAN, J., concur.