*In re* PAMELA PYLES, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* GERALD PYLES, Respondent-Appellant.)

Third District No. 77-317

Opinion filed February 10, 1978.

STOUDER, J., dissenting.

Beatrice B. Trujillo, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellant.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong and Robert M. Hansen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Rock Island County which denied the motion of Gerald Pyles, the respondent father, which prayed for a termination of the court's wardship over Pamela Pyles, his minor child.

On March 18, 1975, the circuit court of Rock Island County found Pamela Pyles, a minor child of approximately five years of age, to be a neglected child and declared her to be a ward of the court. (Ill. Rev. Stat.

1973, ch. 37, par. 701—4.) At a dispositional hearing the trial court ordered the minor child returned to the custody of her parents but granted the county probation department visitation rights for two years. Ill. Rev. Stat. 1973, ch. 37, par. 705—5(d), (e), (f).

On April 22, 1977, the respondent parent Gerald Pyles filed a motion to terminate the order granting the probation department supervision of the minor child. A hearing on the motion was held on May 24, 1977. The probation department expressed no objection to the respondent's motion and in fact filed a termination report in which it was stated that the minor child had good interaction with her family, that she was functioning at a normal level and that the family of the child had been cooperative with the department during the preceding 25-month period. During the course of the hearing the respondent further made an oral motion for termination of wardship as well as supervision of the child. The trial judge granted the motion to terminate the jurisdiction of the probation department for purposes of supervision, but denied the oral motion to terminate the status of the child as a ward of the court. The trial court in a document entitled "opinion and order" acknowledged that there was nothing in the probation department's report to indicate any need to continue the wardship, but that he would deny the termination of the same since there was more than one incident of child abuse in the minor's family.

The sole issue presented for review is whether the trial court properly continued the wardship of the minor child previously adjudicated to be neglected, while terminating the right of the probation department to visit the child.

■■ The respondent contends that there is nothing in the record to support any reference to child abuse. We agree with the respondent since so far as this appeal is concerned the respondent failed to designate as a part of the record any of the proceedings which transpired regarding the minor child prior to his motion to terminate supervision and wardship. A party who appeals must present a record which fairly and fully presents all matters necessary for a decision on the question raised. (*In re Shannon* (1977), 45 Ill. App. 3d 876, 360 N.E.2d 433.) Where an appellant does not bring before the reviewing court complete report of proceedings, reviewing court will presume that omitted report of proceedings justifies order from which appeal is taken. See *In re Shannon* (1977), 45 Ill. App. 3d 876, 360 N.E.2d 433, and *Reace v. Reace* (1976), 39 Ill. App. 3d 496, 350 N.E.2d 143.

In the instant case the trial judge stated that there was a prior instance of child abuse in the family and that he had heard evidence concerning it. The respondent has failed to meet his burden of providing this court with a complete record so that we can determine whether there is in fact any evidence to substantiate the trial judge's statement that there has been

more than one incident of child abuse in the respondent's family. Where a record is incomplete, a reviewing court will indulge in every reasonable presumption favorable to judgment, order or ruling from which an appeal is taken and moreover, when record on appeal is incomplete, the trial court is presumed to have heard sufficient evidence and argument to support its decision. *Aetna Life Insurance Co.* (1975), 33 Ill. App. 3d 52, 337 N.E.2d 285.

We have taken judicial notice of an opinion and decision of this court where a previous appeal was taken by the respondent from an order denying a petition to vacate an adjudication which found the minor Pamela Pyles to be a neglected child. (*In re Pyles* (1976), 40 Ill. App. 3d 221, 351 N.E.2d 221.) In this 1976 appeal it was called to this court's attention that the minor was adjudicated a neglected child because of abuse inflicted upon her; however, in the instant case the respondent has failed to provide us with a complete record from which the trial judge's remarks concerning another incident of abuse can be sustained or refuted.

■■ It may be argued that the trial court's ruling which terminated supervision of the child yet continued the wardship is incongruous, yet we do not believe such to be the case. The trial judge during the hearing on the respondent's petition and oral motion on several occasions expressed that he was worried only about the minor child and not the respondent or his family. It should be noted that as far as we are able to ascertain the trial judge, John Donald O'Shea, has been the only judge to hear matters concerning the child, the first matter apparently being commenced on February 19, 1975, when a juvenile petition was filed. On the record before us we can only conclude that the trial court's ruling was within the spirit of and in keeping with the purpose and policy of the Juvenile Court Act Ill. Rev. Stat. 1975, ch. 37, par. 701—2(1), (2), (3)(b), (c), and (4).

For the reasons set forth the order of the circuit court of Rock Island County is affirmed.

Affirmed.

ALLOY, P. J., concurs.

Mr. JUSTICE STOUDER, dissenting:

My colleagues have failed to reach the merits of the controversy raised on this appeal holding that the record and in particular the transcript of proceedings is insufficient to permit consideration of the appellant's assignments of error. I disagree with this conclusion and the reasoning employed by the majority.

After granting the motion to terminate the supervision of the minor by the county probation office, the opinion and order of the court states:

"* * * Mr. Braud the attorney for the parents then orally moved for a termination of wardship. This the Court denied.

Admittedly there is nothing in the report to indicate any need to continue the wardship. On the otherhand, under supervision and wardship during the last two years Pamela has fared well.

If this were the only instance of child abuse within the family the court might be inclined to terminate the wardship.

But there was a prior instance of child abuse within the same family, and the court heard some evidence that the guilty party may only have been taking the rap for some other family member.

Mr. Braud misconstrues the nature of wardship. It is not a punishment visited upon parents. Rather it is a salutory remedy directed to the best interests of the child.

In the form the wardship exists in this case since the present date there will be no intrusions into the family life absent some further showing of cause. Rather the wardship is allowed to exist only to express the concern of the court for the childs continuing welfare. As long as the child prospers under the wardship the court is not inclined to terminate it simply because of the mistaken notions of a parent or attorney toward it."

The report referred to in the above recitation is that of the Rock Island County Probation Office.

The majority opinion adopts the rule that the judgment of the court is presumed to be supported by sufficient evidence in the absence of a proper record. Admittedly, the record of the proceedings relating to the motion to terminate supervision and wardship does not show any evidence of other child abuse incidents either with this minor or with any other minor so far as these parents are concerned. However, because the opinion of the court refers to this incident as not being the only incident of child abuse and refers to evidence of some other incident, the majority conclude that there is some other hearing or necessary transcript of proceedings which might have supported the judge's conclusion and therefore the record is incomplete.

This issue was introduced into the case by the People in their brief as a generality of law unsupported by any assertion that the observation of the trial judge was based on any evidence presented in any hearing relevant to the issues decided by the trial court in this case. The observations of the trial judge disclose that the evidence he is referring to arose in the context of some collateral matter. Whether the evidence is from an actual case or arose in some other context is not disclosed by the opinion. It seems to me that if the court is considering evidence which has come to his attention in some collateral context, the same must be incorporated into the current record before such evidence becomes competent to support the determination of the court.

Both the brief of the People and opinion of the majority of the court assume that it is the duty of the appellant to present a report of proceedings of some additional hearings even though there is no specification either that the hearings took place or the nature of the hearings. Although neither the brief of the People nor the opinion of the majority of the court is specific in this regard, the hearings which they refer to must be either the hearing which resulted in the creation of the wardship and accompanying disposition by supervision of the probation office or some hearing which occurred in between the initial adjudication and dispositional hearing and the present hearing terminating supervision.

If the majority's opinion is interpreted to require as a part of the record in this case a transcript of the proceedings upon which the initial adjudicatory and dispositional judgment was based I am unable to agree that such a transcript is or should be required generally. Because of the special circumstances of this case, even less reason for requiring such a report is evident. The initial judgment establishing wardship and supervision on account of the abuse of the minor by the father was previously before us and we affirmed the judgment of the trial court. Obviously, the transcript of proceedings was prepared, was available to use at that time and if pertinent to the issues raised on this appeal, could easily have been refiled with this court. However, I am unaware of any rule of law or precedent which requires a transcript of proceedings leading to an adjudication of custody or wardship to be included as a part of the record on appeal in every proceeding which thereafter transpires. To adopt this position would mean that in every proceeding involving the custody or welfare of children, such as in a divorce action, a transcript of the proceedings of all of the hearings including those resulting in the initial decree would have to be included in a transcript of proceedings before the merits of an appeal could be considered.

If the deficient record presumably refers to some hearing between the adjudicatory hearing and the hearing on the motion on this case, then I think it would be incumbent on the People to at least assert and allege there was such a hearing and that the appellant has failed to submit the transcript of those proceedings. It seems to me quite probably there were no intervening hearings, first, because the People fail to refer to any such hearing, second, the report of the probation office fails to disclose any such hearing, and third, the remarks themselves refer to a collateral source rather than evidence presented at an intervening hearing.

In conclusion I believe that affirming this judgment on the presumption that there is or must be support for the court's finding in some unspecified report of proceeding which the appellant should have filed as a part of the record is unwarranted.