STEINBERG'S DEPARTMENT STORE, INC., Plaintiff and Counterdefendant-Appellant, *v.* HARTFORD FIRE INSURANCE COMPANY, Defendant and Counterplaintiff-Appellee.

Third District   No. 79-454

Opinion filed June 27, 1980.

J. Paul Aplington, of Aplington, Kaufman & Sisul, P. C., of La Salle, for appellant.

James A. McPhedran, of Anthony C. Raccuglia & Associates, of Peru, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

The dispute which underlies this appeal originated on April 15, 1976, when a commercial building in Spring Valley, Illinois, owned and occupied by Steinberg's Department Store, Inc., was destroyed by fire. The building and its contents were insured against loss by fire under a policy issued by Hartford Fire Insurance Company. Steinberg's building adjoined the Spring Valley City Bank building, one wall of which was damaged by the fire, and as a consequence the bank on April 30, 1976,

sent a letter to Hartford noting the existence of two recorded party-wall agreements. The last paragraph of the letter stated:

"We feel that your Insurance Company is or should have been aware of these said party-wall agreements and that your Company should indemnify the Spring Valley City Bank for any loss incurred on the East wall of the said property, or in the alternative that Steinberg's is liable for such damage and that because of such notice to your Company that any payment to Steinberg's be made conditional upon payment to the Spring Valley City Bank for losses it has incurred."

Thereafter Steinberg's and Hartford agreed upon both the amount of loss sustained by Steinberg's and the amount which was covered by the insurance policy. Hartford then paid the total agreed amount of covered loss, less the sum of $30,000, which Hartford retained to cover the claim asserted by the bank. Steinberg's refused to recognize the bank's claim and subsequently filed suit against Hartford to recover the $30,000 plus interest and also exemplary damages for the wrongful withholding of the sum due. Hartford responded with an interpleader counterclaim, admitting the $30,000 due under the policy but alleging that conflicting claims to that sum had been asserted by Steinberg's and by the Spring Valley City Bank and the bank's insurer, Hanover Insurance Company. Among the exhibits attached to the interpleader counterclaim was a second letter from the bank to Hartford, dated June 22, 1976, which stated, *inter alia*:

"Please be advised that the intent of the aforesaid [April 30] letter was not to interfere with any contractual relationship between Hartford and Steinberg's Department Store, nor to prevent payment of any monies lawfully due Steinberg's Department Store. The Spring Valley City Bank does wish to call attention to the aforesaid party wall agreements, with respect to the rights of the Spring Valley City Bank.

Please be further advised that the Spring Valley City Bank is filing a proof of loss resulting from fire with its insuror, the Hanover Insurance Company, pursuant to the terms of the Spring Valley City Bank's policies with said carrier. The Spring Valley City Bank does, however, reserve any rights that it may have under the aforesaid party wall agreements and does not waive any claim or claims which it may have against your insured under said agreement, nor any right or rights which the Hanover Insurance Company may now or hereafter acquire from the Spring Valley City Bank by virtue of said party wall agreements."

Steinberg's filed a motion for judgment on the pleadings as to the

liability of all parties, and for a hearing as to the amount of damages. The trial court denied the motion as to Hartford's interpleader, finding that two claims for the $30,000 had been presented to Hartford and that there was no question of damages because Hartford had acted in good faith in filing the interpleader. As to the merits of the conflicting claims to the $30,000 asserted by Steinberg's and by Spring Valley City Bank and Hanover Insurance Company, the trial court concluded that the essential facts were not in dispute and that Steinberg's was entitled to all the proceeds of their insurance contract. Steinberg's has appealed from that portion of the order which found Hartford not liable for damages resulting from the delay in payment.

Initially Steinberg's argues that, while the bank's first letter dated April 30, 1976, admittedly was a claim against the fund held by Hartford, the second letter dated June 22, 1976, was a withdrawal of the bank's claim against the proceeds of the fire insurance policy. It is further argued that once the claim was withdrawn, Hartford was no longer justified in withholding payment of the $30,000, and the interpleader action was not, therefore, filed in good faith.

Hartford disagrees with Steinberg's interpretation of the June 22 letter from the bank. Hartford points out that the letter specifically reserved the bank's rights under the party-wall agreement and merely denied any intent to interfere with the contractual relationship between Hartford and its insured Steinberg's. Hartford suggests that the bank's letter, taken with the recorded party-wall agreements making Steinberg responsible for repair of the wall, raises an issue whether the bank was a third-party beneficiary to the insurance contract and also whether the bank had an equitable lien upon the insurance proceeds.

Section 26.2 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 26.2) permits interpleader where persons have claims arising out of the same or related subject matter, and those claims may expose the interpleader to double liability. It has been held that in interpleader cases, the trial court should first determine whether the interpleader is rightfully in court and then should conduct a hearing with respect to the rights of the various claimants. *Elmhurst National Bank v. Glos* (1968), 99 Ill. App. 2d 74, 241 N.E.2d 121.

■■ ■ In evaluating the interpleader complaint, it should be noted that a stakeholder is not required to allege that the adverse claims are not utterly baseless, but, rather, all that is required is that the stakeholder must be in good faith when asserting that adverse claims have been presented to him. (*Aetna Life Insurance Co. v. Strickland* (1975), 33 Ill. App. 3d 52, 337 N.E.2d 285.) Steinberg's argues quite convincingly that the question of good faith in the case before us was a disputed factual issue which should have been resolved only after an evidentiary hearing. As indications of

bad faith, Steinberg's cites the June 22 letter from the Bank withdrawing its claim to the insurance proceeds and also contends that, under the law of Illinois, the named insured is the only party entitled to the proceeds of a fire insurance policy in the absence of a policy provision to the contrary. (*La Salle Extension University, Inc. v. B. F. Shaw Printing Co.* (1965), 62 Ill. App. 2d 391, 210 N.E.2d 840.) Also persuasive is the fact that Hartford delayed payment for 13 months, allegedly to force Steinberg's to settle with the Bank from its own funds without compensation from Hartford. Thus, even though the trial court ruled that interpleader was rightfully filed, Hartford's delay could nevertheless have been in bad faith. We believe Steinberg's is entitled to present evidence on the issue of Hartford's good faith.

We therefore reverse the judgment order of the Circuit Court of La Salle County denying Steinberg's request for a hearing and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ALLOY, P. J., and SCOTT, J., concur.