**THOMAS ELECTRIC COMPANY,**
Plaintiff-Appellee,

v.

**SEVERSON ENTERPRISES, INC., et al., Defendants-Appellants.**

**BUDGET BUILDING CENTERS CORP.,**
Plaintiff-Appellee,

v.

**SEVERSON ENTERPRISES, INC., et al., Defendants-Appellants.**

**Ron WRIGHT, a/k/a Ronald Wright, a/k/a Ronald C. Wright d/b/a Best Bet Roofing, Plaintiff-Appellee,**

v.

**SEVERSON ENTERPRISES, INC., et al., Defendants-Appellants.**

**SEVERSON ENTERPRISES, INC., et al., Cross-Appellants,**

v.

**Willard D. ANDERSON and Mary T. Anderson, Husband and Wife, Cross-Appellees.**

No. 84–1228.

Court of Appeals of Iowa.

Aug. 29, 1985.

Mark A. Wilson and Thomas C. Teas, of Finley & Teas, Mason City, for cross-appellants Severson.

Herman P. Folkers, of Nelsen & Folkers, Mason City, Iowa, for cross-appellees Anderson.

J. Mathew Anderson, of Laird, Burington, Heiny, McManigal, Walters & Winga, Mason City, for plaintiff-appellees Thomas Elec. and Budget Bldg. Centers.

Richard N. Tompkins, Mason City, for plaintiff-appellee Wright.

M. Wayne Oltrogge, Clear Lake, for estate of Lindsley.

Considered by OXBERGER, C.J., and SNELL and HAYDEN, JJ.

HAYDEN, Judge.

Defendants Anderson and Severson separately appeal from judgment for plaintiffs in a mechanics lien foreclosure action. Defendants jointly assert: (1) that the evidence was insufficient to support enforcement of a mechanic's lien against a real estate contract vendor for work performed for a real estate contract vendee prior to foreclosure of the vendee's contract interest; (2) that the evidence was insufficient to support the amount of the award in favor of plaintiff Wright; (3) that Wright was not entitled to a lien due to his ownership interest in the real estate; and (4) that various acts and comments of the trial court are sufficient to establish bias. Anderson asserts, in addition, that the evidence was insufficient to establish appellant Severson's right to indemnity as against them. We reverse and vacate the judgment.

In 1973, Willard and Mary Anderson, defendants in this action, entered into a contract with defendant Severson Enterprises for the purchase of a bowling alley. Anderson ran the business until 1981, at which time he sold his interest to Lloyd Lindsley. Plaintiff Ronald Wright ultimately purchased a 49 percent interest in the Lindsley contract and became a partner with Lindsley in the operation of the bowling alley. An unrecorded written contract evidencing the sale was dated August 20, 1981.

At the time Lindsley was in possession of the property, the plaintiffs in this action, including Ronald Wright, performed work on the property. The record reflects that both Anderson and Severson were aware of the construction work as it was being performed. However, all arrangements for the work were made with Lindsley and/or Wright.

On October 1, 1981, Lindsley failed to make a payment of $30,000 as required by his contract with Anderson and the contract was forfeited. Anderson subsequently sold the property on contract and again forfeited the contract when that purchaser, like Lindsley, defaulted on payment. Thus, the Seversons are currently titleholders of the real estate subject to their contract to sell to the Andersons.

In 1983, Thomas Electric Company, Budget Building Centers Corp., and Ronald Wright filed mechanic's liens for labor and materials provided. All three plaintiffs sought to establish and foreclose their liens against the vendor's interest of Anderson and the legal title of Severson. The trial court entered judgment for the plaintiffs; the judgment for Wright was in the amount of $7,500. The court further held that defendants Anderson were required to indemnify defendant Severson Enterprises. The Andersons and Seversons have appealed from this determination. We reverse.

An action to enforce a mechanic's lien is equitable in nature. *Ringland-Johnson-Crowley v. First Central Service Corp.*, 255 N.W.2d 149, 151 (Iowa 1977). Consequently, our review is de novo. Iowa R.App.P. 4. While weight will be given to the findings of the trial court, we are not bound by them. Iowa R.App.P. 14(f)(7).

The Andersons and Seversons claim on appeal that the trial court erred in enforcing the mechanic's lien against them as vendors of different real estate contracts. It is argued that the actions to foreclose mechanic's liens should have been dismissed for failure to prove the existence of an express or implied contract involving either defendant. We are inclined to agree.

The general rule in Iowa is that mere knowledge on the part of the vendor that the vendee is making improvements on the premises is not sufficient to subject the vendor's interest to the mechanic's lien. *Denniston & Partridge Co. v. Romp,* 244 Iowa 204, 208, 56 N.W.2d 601, 603 (1953). However, if the vendor expressly or impliedly contracts to the improvement of the real estate, he should be held to have subjected his interest to the claim of a mechanic's lien for the reasonable value of material or labor furnished. *Id.* at 208, 56 N.W.2d at 604. The burden is on the claimant to prove a state of facts that will establish the existence of a contract involving the vendor. *Ringland-Johnson-Crowley v. First Central Service Co.,* 255 N.W.2d at 151. In our de novo review of the record, we conclude that this burden has not been met.

The evidence indicates that all agreements involving improvements on the land were made with Lindsley or Wright. While the Andersons and Seversons were undoubtedly aware that improvements were being made, this is not a sufficient basis to impose liability under Iowa law. The only evidence which would indicate the existence of an implied contract involving the defendants was the testimony of Ronald Wright. Wright indicated that it was his understanding, based on a conversation he overheard, that repairs and remodeling were a condition of the signing of the contract between Anderson and Lindsley. We think it is significant, however, that all other evidence conflicts with this testimony.

Willard Anderson and Roy Severson unequivocally deny that the property was sold to Lindsley on the condition that he would make improvements. In fact, Anderson claims he did not even meet Wright until well after the contract of sale with Lindsley had been negotiated; he stated that the conversation Wright testified about never took place. Anderson also testified that he was unaware of any repairs or remodeling until the place was already "torn apart."

Severson's testimony is consistent with Anderson's in all respects. He testified that he was present when Lindsley signed the contract with Anderson and did not even know Wright at the time. He further stated that Lindsley was never informed he would not be able to buy the real estate unless he agreed to make improvements or changes.

Considering the testimony as a whole, we are unable to agree with the trial court's conclusion that the defendants impliedly contracted for improvements. Wright's testimony to this effect cannot in and of itself be considered sufficient evidence that such a contract existed. We simply are not willing to impose liability based on the unsubstantiated testimony of a third party who allegedly overheard contract negotiations.

Even assuming liability could be imposed, we would agree with the defendants that Ronald Wright should not be allowed to recover. Wright had a beneficial interest in the property and as such made improvements at his own risk. One who has an ownership interest in the property should not be able to enforce a mechanic's lien in his favor to the prejudice of a third party. 57 C.J.S. *Mechanic's Liens* 37 (1948); *see also Fitzgerald v. VanBuskirk,* 16 Ill.App.3d 348, 350, 306 N.E.2d 76, 78 (1974) (joint venturer was not entitled to a mechanic's lien). Furthermore, it is apparent from the record that Wright was unable to prove the value of services performed. The trial court recognized this in stating that Wright's testimony "lacked complete credibility" and that the $7,500 awarded was "perhaps arbitrarily set." In such a situation, we see no basis for allowing Wright to enforce a mechanic's lien against the defendants.

The judgment of the trial court is accordingly reversed and vacated. Because of our disposition in this case, we find it unnecessary to address the claims that indemnity was inappropriate and that the trial court was biased.

REVERSED; JUDGMENT VACATED.