# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Peabody-Waterside Development, LLC v. Islands of Waterside, LLC,*
### 2013 IL App (5th) 120490

---

| | |
|---|---|
| Appellate Court Caption | PEABODY-WATERSIDE DEVELOPMENT, LLC, Plaintiff-Appellant, v. ISLANDS OF WATERSIDE, LLC, REGIONS BANK N.A., and PRAIRIE CONSTRUCTION MANAGEMENT, LLC, Defendants-Appellees. |
| District & No. | Fifth District<br>Docket No. 5-12-0490 |
| Filed<br>Rehearing denied | September 3, 2013<br>October 7, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for breach of contract and enforcement of a mechanic's lien arising from plaintiff's site development and grading work performed on land owned by a limited liability company in which plaintiff had an interest, the trial court properly entered judgment for plaintiff on the breach of contract claim, but erred in declaring its mechanic's lien void based on the finding that plaintiff's interest in the property through its interest in the limited liability company barred plaintiff from enforcing the lien, since Illinois law provides that membership in such a company does not confer any ownership interest in the property of the company; rather, the member only owns its membership interest in the limited liability company and, therefore, plaintiff's mechanic's lien was valid. |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 10-CH-388; the Hon. Stephen P. McGlynn, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal          Philip J. Christofferson, of Cockriel & Christofferson, LLC, of St. Louis, Missouri, for appellant.

Witliam L. Sauerwein, of Sauerwein Simon & Hein P.C., of St. Louis, Missouri, for appellees.

Panel          JUSTICE CATES delivered the judgment of the court, with opinion.
Presiding Justice Spomer and Justice Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1      Plaintiff Peabody-Waterside Development, LLC (Peabody-Waterside), brought an action for breach of contract and enforcement of a mechanic's lien to collect amounts owed by defendant Islands of Waterside, LLC (Islands), for grading and site development work that Peabody-Waterside had performed at Islands' property in Marissa, Illinois. The circuit court of St. Clair County entered judgment in favor of Peabody-Waterside on the breach of contract claim but entered summary judgment in favor of defendants for the mechanic's lien. The court determined that Peabody-Waterside could not claim a lien against the property because Peabody-Waterside is a member of Islands and was, therefore, jointly interested in developing the property at issue. Peabody-Waterside appeals from the grant of summary judgment in favor of defendants. We reverse and remand.

¶ 2      Islands is a Delaware limited liability company authorized to do business in Illinois. Islands has two members, Peabody-Waterside and Praxis Waterside, LLC (Praxis), with each member owning 50% of the membership interests. Peabody-Waterside is also a Delaware limited liability company authorized to do business in Illinois, while Praxis is an Illinois limited liability company. For the purposes of this disposition, it is of little import whether the limited liability corporations were established in Delaware or Illinois.

¶ 3      Islands owns some 900 acres of real property in the village of Marissa, commonly known as the Islands of Waterside development. The limited liability company agreement entitles both Praxis and Peabody-Waterside to a 50% share in Islands' profits and losses resulting from the development of this property.

¶ 4      In 2007, Islands executed a revolving loan agreement with Regions Bank N.A. (Regions) mortgaging all of the real property that Islands owned or would come to own to secure its payment or performance of its debts, obligations, and liabilities to Regions. The loan was for $7.5 million. The loan proceeds were to be used for the acquisition, construction, and development of the property pledged as the loan's collateral.

¶ 5     In preparation for developing the property, Islands sought and obtained bids from various contractors to perform site preparation and grading work. All of the bids, however, came in far higher than expected. Islands decided to hire Peabody-Waterside to do the work. Islands and Peabody-Waterside entered into a contract in which Peabody-Waterside agreed to furnish all labor, materials, equipment, tools, supplies, taxes, permits, fees, and other services necessary to perform site preparation and grading work at the property. In consideration for Peabody-Waterside's work, Islands was to compensate Peabody-Waterside on a cost-plus basis, *i.e.*, the cost of the work plus a contractor's fee of 15%. Peabody-Waterside performed the work and submitted invoices for payment in the amount of $4,543,799.77. Islands, however, did not pay Peabody-Waterside.

¶ 6     On August 13, 2008, Peabody-Waterside recorded its claim for a mechanic's lien against the property. On March 18, 2010, Peabody-Waterside filed its complaint for breach of contract against Islands and to foreclose its mechanic's lien. Regions filed a motion for summary judgment contending that Peabody-Waterside's purported mechanic's lien on the property was void and unenforceable as a matter of law because Peabody-Waterside performed the work for its own benefit as a co-owner of the property. The trial court agreed and entered summary judgment in favor of Regions on the mechanic's lien and at the same time denied Peabody-Waterside's cross-motion for summary judgment seeking to foreclose the mechanic's lien. The court did, however, enter judgment in favor of Peabody-Waterside, against Islands, as to Peabody-Waterside's breach of contract claim in the amount of $5,479,883.05.

¶ 7     The trial court entered summary judgment against Peabody-Waterside based on the holding in *Fitzgerald v. Van Buskirk*, 16 Ill. App. 3d 348, 306 N.E.2d 76 (1974). In so doing, the court specifically stated that Peabody-Waterside was jointly interested in developing the property and, as such, was "not the type of claimant that is entitled to a mechanic's lien under Illinois law." Peabody-Waterside appeals from the grant of summary judgment in favor of Regions arguing that it is not prohibited from claiming a mechanic's lien against the property. According to Peabody-Waterside, being a member of a limited liability company does not equate with being jointly interested or having a co-ownership interest in the real property owned by that limited liability company. Regions counters that Peabody-Waterside is attempting to attain priority over the secured interest of Regions by requesting a mechanic's lien against the development in which it had a beneficial interest. Our review of the circuit court's entry of summary judgment is *de novo*. *Morietta v. Reese Construction Co.*, 347 Ill. App. 3d 1077, 1080, 808 N.E.2d 1046, 1049 (2004).

¶ 8     Starting with the principle that an owner or co-owner of property may not claim a lien against his or her own property (*Bonhiver v. State Bank of Clearing*, 29 Ill. App. 3d 794, 804, 331 N.E.2d 390, 398 (1975)), according to the holding in *Fitzgerald*, a joint venturer cannot assert a lien against the property of a joint venture as each individual co-owns the joint venture's property. Regions asserts that, because Peabody-Waterside is entitled to a 50% share of any profits resulting from Islands' development of the property, Peabody-Waterside performed its grading work on the property for its own direct benefit. According to Regions, such potential profits entitled Peabody-Waterside to receive far more than a typical construction lien claimant seeking compensation for the value of work performed on the

-3-

property. Given that a joint venture is an association of two or more persons to carry out a single enterprise for profit (*Yokel v. Hite*, 348 Ill. App. 3d 703, 708, 809 N.E.2d 721, 727 (2004)), Regions believes that Peabody-Waterside's relationship with Praxis satisfies the criteria for joint venture status under Illinois law.

¶ 9　　We would agree with both the reasoning of the circuit court and Regions were it not for the fact that Peabody-Waterside is not co-owner of the property. As Peabody-Waterside points out, the court's "jointly interested" finding ignores the corporate form of Islands and the nature of the relationship between a limited liability company and its members. A limited liability company (LLC) is a legal entity distinct from its members. It is an independent legal entity which has legal rights and obligations, differentiating it from a joint venture. See *First Mid-Illinois Bank & Trust, N.A. v. Parker*, 403 Ill. App. 3d 784, 792, 933 N.E.2d 1215, 1221 (2010). Joint ventures are not distinct legal entities, and as such, the co-venturers are personally liable for the debts associated with the joint venture, and the co-venturers are the co-owners of the venture property. Illinois law clearly states, however, that membership in a limited liability company does not confer any ownership interest in the property, real or personal, of the LLC. 805 ILCS 180/30-1(a) (West 2008) (member of an LLC is not a co-owner of, and has no transferable interest in, property of a limited liability company). A member of an LLC owns only its membership interest in the LLC. *Bank of America, N.A. v. Freed*, 2012 IL App (1st) 110749, ¶ 41, 983 N.E.2d 509. Accordingly, Peabody-Waterside is a separate legal entity from Islands and does not have any ownership interest in Islands' property. Sharing in the profits and losses of an LLC does not make the LLC members jointly interested or co-owners of the LLC's property. As Peabody-Waterside points out, an LLC member owns only its membership interest in that LLC. This is the reason why a creditor of an LLC member cannot seize LLC property to satisfy that member's debt. The creditor can only attach the member's distributional interest in the LLC because that is all the member owns. 805 ILCS 180/30-20(a) (West 2008). Given that Peabody-Waterside, as a member of Islands LLC, is not jointly interested in the property, nor is it a co-owner of the property, its mechanic's lien must, therefore, be valid.

¶ 10　　Section 1 of the Mechanics Lien Act states:

"Any person who shall by any contract or contracts, express or implied, *** with the owner of a lot or tract of land *** to improve the lot or tract of land or for the purpose of improving the tract of land, or to manage a structure under construction thereon, is known under this Act as a contractor and has a lien upon the whole of such lot or tract of land *** for the amount due to him or her for the material, *** machinery, services or labor, and interest at the rate of 10% per annum from the date the same is due." 770 ILCS 60/1(a) (West 2008).

In our view, Peabody-Waterside is no different than any other third-party independent contractor. Peabody-Waterside had a written cost-plus contract with Islands whereby it would be paid the direct costs of its work, plus a 15% contractor's fee. This consideration was entirely separate and apart from any indirect benefit Peabody-Waterside might one day receive by virtue of its membership in Islands, as a consequence of the development of the property. *Cf. Fitzgerald*, 16 Ill. App. 3d 348, 306 N.E.2d 76 (contractor's only compensation for the construction work to be performed was a share of the profits from the operation of the

constructed buildings). If Islands had hired a third-party contractor to perform the grading work, and that contractor had not been paid and subsequently recorded a mechanic's lien, there is no question that the lien would be proper. There is nothing in the record here to suggest that the hiring of Peabody-Waterside to do the grading work was anything less than an arm's-length transaction or that the hiring was otherwise inappropriate. Islands had solicited third-party bids, but all came back far higher than expected. Peabody-Waterside was hired because it could do the work for less money.

¶ 11        Regions argues that Islands waived all defenses it could otherwise assert to a claim for a mechanic's lien. According to Regions, Peabody-Waterside's relationship with Praxis, as members of Islands, afforded it such control over Islands that it authorized Islands to agree to waive its defenses to Peabody's own lien. Regions points out that Peabody consented to a waiver of defenses to its own lien claim. The fact that a genuinely disinterested lien claimant would have to overcome such defenses illustrates, according to Regions, Peabody-Waterside's ineligibility to possess a mechanic's lien on the property. First, as Peabody-Waterside explained, the delay of filing the lien was to allow Praxis more time to secure additional financing or to find someone to buy out its membership interest. Second, under the terms of the LLC agreement, Peabody-Waterside could take no action with respect to Islands without the other member's consent. It is undisputed that Praxis is a third party, wholly separate from and unaffiliated with Peabody-Waterside and its affiliated companies. In fact, the managing member of Islands, the one who had authority over and control and management of the day-to-day affairs of the company, was Praxis, and the president of Islands was a Praxis employee. Peabody-Waterside could not and did not control Islands' actions alone.

¶ 12        Peabody-Waterside spent more than $4.5 million to improve and enhance the value of Islands' property and was never paid. Regions, if allowed to foreclose on the property and eliminate Peabody-Waterside's lien, will own an asset worth far more than on the day the loan was made, and Peabody-Waterside, the entity that created the additional value, will have been paid nothing. Under either scenario, one side benefits at the expense of the other. Neither result sits well with this court, but the outcome we have reached is based on the law as we interpret it. Any apparent unfairness does not permit us to ignore applicable laws. Given the facts that Peabody-Waterside is not a joint owner of the property and has performed the work as specified under its contract with Islands, it is entitled to be paid for that work through the mechanism of a mechanic's lien. The court, therefore, erred in declaring that the mechanic's lien filed by Peabody-Waterside was void.

¶ 13        For the reasons stated above, we reverse the judgment of the circuit court of St. Clair County and remand the cause for further proceedings.

¶ 14        Reversed and remanded.