2020 IL App (1st) 192315-U

THIRD DIVISION
August 3, 2020

No. 1-19-2315

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| DANIEL B., | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 08 D 079220 |
| YAHOSKA B., | ) | |
| | ) | Honorable |
| Respondent-Appellant. | ) | Timothy P. Murphy, |
| | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Ellis and Justice Cobbs concurred in the judgment.

## ORDER

¶ 1    *Held*: We affirm the trial court's order allocating parental responsibilities and parenting time because respondent failed to file a brief in compliance with Supreme Court rules and failed to file a complete record on appeal.

¶ 2    Respondent Yahoska B., appearing *pro se*, appeals the trial court's order allocating parental responsibilities and parenting time for her minor child, A.B.

¶ 3    A.B., born August 30, 2006, is the son of petitioner Daniel B. and respondent. The parties were in a romantic relationship when the child was conceived, but have never been married.

This case initially arose in February 2008, when petitioner filed a petition to establish a parent child relationship in the trial court. In April 2008, a judgment was entered which established parentage and set child support and visitation. In June 2010, the parties signed an agreed order stating that they had agreed to move to Texas and the matter was taken off the court's call.

¶ 4    Respondent returned to Illinois with A.B. in October 2014 without notifying petitioner and while litigation relating to custody remained pending in Texas. In January 2016, respondent filed a *pro se* petition for child support in the Illinois. In August 2016, the trial court ordered that Illinois would maintain continuing exclusive jurisdiction over the case.

¶ 5    In September 2016, petitioner filed a motion for allocation of parental responsibilities, primary parenting time, child support, and other relief. Specifically, he requested all significant decision making responsibilities for A.B., the majority parenting time for A.B., and child support from respondent. In August 2017, respondent, represented by an attorney, filed a counterpetition for allocation of parental responsibilities and parenting time. Respondent sought all decision making authority for A.B., majority parenting time with designation of residential parent, and the suspension of all parenting time between petitioner and A.B. In the alternative, respondent asked for supervised parenting time between petitioner and A.B.

¶ 6    The trial court conducted an evidentiary hearing on the allocation of parental responsibilities and parenting time over three days in June 2019. A report of proceedings from this hearing was not filed with the record on appeal.

¶ 7    On November 1, 2019, the trial court issued a thorough 66-page memorandum and order discussing the trial court's findings in the best interest of the child and allocating parental responsibilities and parenting time. In its credibility findings, the trial court found petitioner to be "calm, credible, direct and honest in his testimony and responses." In contrast, the court found

2

respondent to be "generally not credible," and her answers were "evasive, self-serving, convoluted, non-responsive, and that her memory of claimed events was spotty and very much lacking in specifics."

¶ 8    The court discussed in detail the factors to determine a child's best interest for parental decision making under section 602.5(c) of Illinois Marriage and Dissolution of Marriage Act. 750 ILCS 5/602.5(c) (West 2018). The court held that the evidence was "overwhelmingly clear" that A.B. needed petitioner in his life. The court observed that respondent had "totally excluded" petitioner from all decision making for A.B. and the failure to include petitioner has been harmful to A.B. The court found that respondent failed to meet her burden of proof to show that the restriction of petitioner's parenting time was warranted or in the best interest of A.B. The court further found it was in A.B.'s best interest to have regular contact with petitioner "so that [A.B.] has the influence of his father in his life, that [petitioner] be involved in decision making affecting [A.B.], and that [petitioner] have input into [A.B.'s] future to help facilitate [A.B.'s] education and development."

¶ 9    The court ordered petitioner and respondent to share parenting responsibilities. The parties shall share significant decision making regarding education, health, religion, and extracurricular activities. The court also allocated parenting time, beginning with supervised Saturday visits for the first six weeks following the order with petitioner's parents present to supervise. The visits would progress to overnight visitation on alternate weekends from Saturday morning to Sunday morning with Wednesday evening visits. Ultimately, visitation between petitioner and A.B. would be alternate weekends from Friday evening to Sunday evening with additional Wednesday evening visitation. The court also designated holiday parenting time.

¶ 10    Following the trial court's order awarding parenting time, petitioner filed an emergency

3

motion in the trial court after he and his parents appeared at respondent's home for visitation on November 9, 2019, but respondent refused to make A.B. available for visitation and told petitioner that he was trespassing on private property. Petitioner filed a police report for respondent's refusal to follow the court's order. The trial court found that since no stay had been entered, respondent had no just cause to deny petitioner's parenting time and petitioner may use law enforcement to enforce his parenting time. On November 18, 2019, petitioner filed another emergency motion for immediate possession of A.B. after A.B. refused his visitation with petitioner and petitioner's parents. Petitioner's parents were able to speak with A.B. and respondent's father. Respondent's father stated in front A.B. that petitioner had been offered visitation previously, but refused to visit with A.B. On November 19, 2019, the trial court granted temporary guardianship of A.B. to petitioner's father. The court entered an attachment order for respondent after she failed to appear. On November 26, 2019, the trial court entered an order for law enforcement to assist petitioner's father in removing A.B. from respondent's custody and enforcing the award of guardianship to petitioner's father. The court also temporarily suspended petitioner's child support payments.

¶ 11    Respondent filed a *pro se* notice of appeal on November 8, 2019. She subsequently filed an amended notice of appeal on November 26, 2019. Supreme Court Rule 304(b)(6) allows for the immediate appeal of a "custody or allocation of parental responsibilities judgment or modification of such judgment entered pursuant to the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 *et seq*.) or Illinois Parentage Act of 2015 (750 ILCS 46/101 *et seq*.)." Ill. S. Ct. R. 341(b)(6) (eff. Mar. 8, 2016). Accordingly, respondent's appeal was timely, and this court has jurisdiction.

¶ 12    After reviewing respondent's brief, we find that it fails to conform with Supreme Court

Rule 341 (eff. May 25, 2018), which governs the form and content of appellate briefs. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. Compliance with this rule is mandatory, and this court has the discretion to strike a brief and dismiss an appeal based on the failure to comply with the applicable rules of appellate procedure. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. *Pro se* litigants, such as respondent, are not entitled to more lenient treatment than attorneys. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Id*. ¶ 78. "*Pro se* litigants are presumed to have full knowledge of applicable court rules and procedures." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001).

¶ 13    Specifically, the failure to elaborate on an argument, cite persuasive authority, or present a well-reasoned argument violates Rule 341(h)(7) and results in waiver of that argument. *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009). The rules of procedure for appellate briefs are not mere suggestions or annoyances to be neglected at will. *In re Estate of DeMarzo*, 2015 IL App (1st) 141766, ¶ 16; *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 10. The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved. *Hall v. Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 7.

¶ 14    Respondent's brief fails to provide a table of contents with points and authorities, a statement of issues, a statement of facts stated accurately and fairly without argument or comment and with appropriate citation to the record, and an argument with citation to relevant authority and the record. See Ill. S. Ct. R. 341(h)(1), (h)(3), (h)(6), (h)(7) (eff. May 25, 2018). Respondent has not set forth any clear arguments and did not cite any authority in her brief to support any claim of error. Specifically, Rule 341(h)(7) states:

"Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. Evidence shall not be copied at length, but reference shall be made to the pages of the record on appeal where evidence may be found. Citation of numerous authorities in support of the same point is not favored. Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Mar. 25, 2018).

"An issue that is merely listed or included in a vague allegation of error is not 'argued' and will not satisfy the requirements of the rule." *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). Respondent has not satisfied this requirement under the rule. After reviewing respondent's noncompliant brief, we are unable to discern any claim of error sufficient for review. Since respondent's brief fails to comply with Supreme Court Rule 341, we find that respondent has forfeited her claims on appeal and affirm the trial court's order. See *Vancura*, 238 Ill. 2d at 373 (affirming the appellate court when a party forfeited review for failure to comply with Rule 341).

¶ 15 Further, respondent has failed to comply with Supreme Court Rule 342(a), which provides that the appendix of an appellant's brief must contain "pleadings or other materials from the record which are the basis of the appeal." Ill. S. Ct. R. 342(a) (eff. Jan 1, 2005). Respondent's appendix includes multiple documents that are outside the record and were not presented to the trial court. Generally, a party may not rely on matters outside the record to support its position on appeal. *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009). Here, respondent has attached correspondence with her prior attorneys, birth certificates, medical records, alleged school documents, and other documents outside the record. If the materials are not taken from the record, they may not generally be placed before the appellate court in an

appendix and will be disregarded. *Hubeny v. Chairse*, 305 Ill. App. 3d 1038, 1042 (1999). Respondent repeatedly references documents and arguments beyond the record on appeal, which cannot be considered by this court.

¶ 16     Moreover, even if respondent had not forfeited review, the record on appeal does not include a report of proceedings for the evidentiary hearing on the allocation of parental responsibilities and parenting time. Respondent, as the appellant, bears the burden of providing a sufficiently complete record to support her claims of error. Illinois Supreme Court Rules 321 and 324 require an appellant to provide a complete record on appeal, including a certified copy of the report of proceedings. See Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); Ill. S. Ct. R. 324 (eff. July 1, 2017). If a verbatim transcript is unavailable, the appellant may file an acceptable substitute, such as bystander's report or an agreed statement of facts, as provided for in Rule 323. See Ill. S. Ct. R. 323 (eff. July 1, 2017). In the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Moreover, any doubt arising from the incompleteness of the record will be resolved against the appellants. *Id*. at 392. "In the absence of a report of proceedings, particularly when the judgment order states that the court is fully advised in the premises, a reviewing court 'will indulge in every reasonable presumption favorable to judgment, order or ruling from which an appeal is taken' and must presume that the evidence heard by the trial court was sufficient to support the judgment absent any contrary indication in the record." *Dell'Armi Builders, Inc. v. Johnston*, 172 Ill. App. 3d 144, 149-50 (1988) (quoting *In re Pyles*, 56 Ill. App. 3d 955, 957 (1978)).

¶ 17     Here, respondent seeks a reversal of the trial court's order following an evidentiary hearing, but no transcripts from the three-day hearing were provided on appeal. It appears that a

court reporter was only present for the *in camera* interview of A.B., but was not present for the rest of the hearing. The transcript from the *in camera* interview was not included in the record. Respondent also failed to provide a bystander's report as an alternative to a report of proceedings. This court lacks the opportunity to review the evidence from the hearing to determine whether the trial court's decision was against the manifest weight of the evidence. See *In re Marriage of Bates*, 212 Ill. 2d 489, 515-16 (2004) ("The standard of review of custody modification judgments is the manifest weight of the evidence."). Additionally, even if all of the issues respondent raised on appeal were not forfeited, we have reviewed the trial court's extensive and well reasoned order allocating parental responsibilities and parenting time and observe that respondent would not have prevailed on the merits.

¶ 18    Respondent has also attempted to appeal the trial court orders entered after the November 1, 2019 order under Supreme Court Rule 304(b)(6). However, as noted above, Rule 304(b)(6) provides for the immediate appeal of a "custody or allocation of parental responsibilities judgment or modification of such judgment." Ill. S. Ct. R. 304(b)(6) (eff. Mar. 8, 2016). None of the orders entered after  November 1, 2019, specifically those entered on November 13, 19, and 26, involved a custody judgment or a modification of a custody judgment. Accordingly, any appeal from those orders cannot be considered.

¶ 19    Finally, we address a motion taken with the case. Petitioner moved to strike respondent's opening brief and dismiss the appeal. Since we found that respondent forfeited the issues on review for failure to comply with Supreme Court rules, the motion is not considered as moot.

¶ 20    Based on the foregoing reasons, we affirm the decision of the circuit court of Cook County.

¶ 21    Affirmed.